DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1859.

---

## ALLEN T. DONALSON *v.* THE COUNTY OF SAN MIGUEL.

COUNTY MAY BE SUED.—A county is a *quasi* corporation, and therefore may sue and be sued, by virtue of the territorial statute extending the word "person" to bodies "politic and corporate."

PETITION A SUBSTITUTE FOR DECLARATION.—Though a petition has been, by statute, substituted for a common law declaration in this territory, none of the essential averments in such a pleading are thereby dispensed with.

PETITION ON ACCOUNT FOR SERVICES AS JAILER, AVERMENTS IN.—In a petition against a county, on an account for services as jailer, the absence of averments that the plaintiff was acting in that capacity, that there was any promise by the county that a warrant was drawn on the treasury for the amount, or that the county is in any way liable for its payment, renders the petition demurrable.

CLAIMS AGAINST COUNTY BY WHOM ALLOWED.—The judge of probate, and not the judge of the district court, is the proper officer to allow claims against a county in the first instance.

ONE GOOD COUNT IN PETITION, ON DEMURRER TO WHOLE.—In case of a demurrer to the whole of a petition containing several counts, the plaintiff is entitled to judgment if there is a single good count.

APPEAL from the district court for the county of San Miguel. The case appears from the opinion.

*Houghton and Watts,* for the appellant.

*T. D. Wheaton,* for the appellee.

By Court, BENEDICT, C. J.:

The county appeared by counsel in the district court, and filed a general demurrer to the plaintiff's petition. This demurrer the court sustained, and rendered judgment in the defendant's favor, and the defendant then appealed. This judgment is assigned for error. The plaintiff did not apply for leave to amend his cause of action. We are warranted in the belief that the court disposed of the case upon one point alone, made by defendant's counsel, against the petition. This fact, which seems to be well known by those most familiar with the history of the case, seems to explain why the plaintiff omitted to obtain leave to amend his petition. The point which we allude to is contained in the proposition, that a county in this territory is not liable to be sued. The court below holding this position to be correct in law, applied the demurrer to that point solely, and did not think it necessary to scrutinize the petition further, and it is fair to presume, that the plaintiff's counsel had no mistrust that any other legal insufficiency worked in the declaration.

We proceed first to examine the liability of the county to be sued. At common law no county could be sued, yet the American reports are abundant with cases in which counties have been parties, both plaintiffs and defendants. It must be conceded, that upon known legal principles, no county can sue or be sued, unless such proceeding shall be authorized by the legislative authority within the state or territory. Has it been authorized in New Mexico? If not, no suit was sustainable against the county of San Miguel. Our Revised Statutes, on page 188, provide that the word person may be extended to bodies politic and corporate. Is a county such a body, and for the purposes of suing or being sued to be regarded as a person? The political or public organizations denominated counties are peculiar to the English government, and to the states and territories of the union. They have prominent importance where the principles of freedom have decided and distributed the powers of government, and invested the inhabitants of prescribed

districts of country, with certain powers, to be exercised by fixed rules, and through a defined and responsible organization.

The legislature has created counties in New Mexico. San Miguel is one. We must consult authorities emanating where counties and their properties are well known, to aid us in defining their character and liabilities in this territory. All the authorities we have been able to consult define a county as a *quasi* corporation. In 7 Mass. 186 [*Riddle* v. *Proprietors*, 5 Am. Dec. 35], the court say: "We distinguish between proper aggregate corporations and the inhabitants of any district, who are by statute invested with particular powers without their consent. These are in the books called *quasi* corporations. Of this description are counties and hundreds in England, and counties, towns, etc., in this state." In 6 Cal. 255, the court says: "Counties are *quasi* corporations." Angell and Ames, in their work on corporations, say, page 19: "Both towns and their political divisions, as counties, hundreds, etc., which are established without an express charter of incorporation, are denominated *quasi* corporations." Chief Justice Parker speaks of the like, although "recognized by various statutes and by immemorial usage as persons or aggregate corporations, with precise duties which may be enforced, and privileges which may be maintained by suits at law, yet are deficient in many of the powers incident to the general character of corporations, they may be considered as *quasi* corporations, with limited powers co-extensive with duties imposed upon them by statute or usage."

These authorities, without incumbering this opinion with others, we think demonstrate the fact, that counties are corporations, though limited in character, yet having powers sufficient to discharge the duties imposed upon them. Chief Justice Parker speaks of them as persons, even by immemorial usage, as to the objects of their creation, and capable of being parties in suits at law. Applying these aids in the interpretation of the statutes extending the word "person" to bodies politic and corporate, and we can not avoid the conclusion, that a county is fairly included as

a body politic and corporate, to which the word "person" is extended, and is liable to be a party in suits at law, of suing and being sued.

We are not without positive enactments which sustain this construction. On page 94, Rev. Stat., is a chapter concerning the attorney-general and circuit attorneys. It is there provided, that the circuit attorney shall reside in his circuit, shall commence and prosecute all civil and criminal actions in which the territory, or any county in his circuit, may be concerned, and defend all suits which may be brought against the territory, or any county in his circuit. Here there is a clear and unequivocal recognition by the legislature that a county may both sue and be sued, and an attorney is supplied by law to bring and defend her suits. Page 286, in relation to bonds given by disorderly persons, declares that a lien forfeited, an action may be brought in the name of the county before any court of record.

Again, on the twelfth of February, 1855, Rev. Stat. 310, the legislature enacted: "That all real estate of the territory of New Mexico, and of any county of said territory, is by this act exempt from execution, and, therefore, no court of this territory shall issue execution against said property." Now the reasons why this act was passed are well known in the history of that time. A judgment had been rendered in the district court against the county of Santa Fe in favor of J. S. Watts. Although there was no order for execution made by the court, yet an execution was taken out from the clerk, and was levied upon some property as that of the county. This act was then passed while the writ was in the hands of the sheriff to exempt territorial and county real estate. The act implies a full knowledge on the part of the assembly of the liabilities of counties to suits and judgments, and it never was attempted to remove such liability. It simply withheld executions, and exempted the county's real estate, and left the process still free to compel a county to a settlement of a claim or demand against her by suit, trial, and judgment. So far as the action of the court below was founded upon the opinion of the judge, that a county was not liable to be sued, we think it was clearly erroneous.

The petition contains two counts. Although the assembly has substituted the name of petition for declaration, it has never been held in this court that any of the necessary and essential averments which the wisdom and usage of centuries have sanctioned and required, have been abolished in pleadings in our courts. The statutes require the plaintiff to set forth the facts upon which his suit is founded, in a clear and plain manner.

We shall not go into an analysis of this petition to show the extremely loose manner in which it is in some parts drawn. The pleader below is well versed and skilled in all the essentials as to form or substance which constitute a valid declaration or petition. He commences by describing his complaint "In a plea in assumpsit," and he evidently had in his mind the *indebitatus assumpsit* form of courts in framing the petition. One of the former judges of this bench is reputed to have said, "that no better form of a petition under our statute could be found than the common law form of a declaration in assumpsit." Though it may contain some things that are not indispensable under our system, yet it is eminent for one thing, and that is clearness and plainness, although it has much verbiage in its endeavor to attain these essential qualities. Our statute makes it imperative upon the pleader to set forth his facts in a clear and plain manner. It also provides "that no want of form shall be sufficient cause for abating any matter pleaded, provided the court can see in it sufficient matter upon which to base a decree or judgment." This does not lessen the strictness in pleading, prevailing in common law courts, where the practice of amendments is judiciously and liberally expressed. An almost reckless disregard of the usual forms of pleading is apparent throughout the whole of the petition in this case. The first court relies upon a promise implied in the warrant drawn upon the treasury to supply the place of positive averments, and we will not say that there is not sufficient set forth to entitle the plaintiff to recover, should the proofs not fail. The second count is too loosely drawn to be sustainable. It embodies an account against the county, drawn up in form; but there is

no averment that the plaintiff was acting in the capacity of sheriff or jailer at the time the account accrued, nor that any promise or assumpsit had at any time been made to him by the county, nor that any warrant has ever been drawn upon the treasury, nor that the county had become liable in any way to pay him the amount, or any part of it. The act of the judge of the district court approving and allowing the claim was extrajudicial, and of no binding effect upon the county. The judge of probate is the officer to allow claims against the county, in the first instance, as the statutes state.

The claim in the second count is set forth as distinct from that in the first, and is for the sum of three hundred and fifty-five dollars and fifty cents. We can not refrain from alluding to the fact in the record, that before the demurrer was filed and the cause disposed of, the plaintiff did apply to the court and obtained leave to amend his petition, although he never availed himself of it.

It is our opinion that the demurrer should have been sustained as to the second count, and overruled as to the first. Gould lays down in his treatise on pleadings, p. 172, "that if on demurrer to the whole declaration one of the counts is judged sufficient in law, the plaintiff will be entitled to a judgment on that count, though all the others be defective."

The final judgment in this case in the district court must be reversed, and also, so much of the judgment of the court as sustained the demurrer to the first count. This cause is remanded to the district court, to proceed therein in conformity with this opinion, and to grant the plaintiff leave to amend upon such terms as shall seem proper, the costs of this appeal to be paid by the appellee.

Reversed and remanded.