COLUMBUS GREEN CABS, INC., ET, APPELLANTS, *v.* BOARD OF REVIEW BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE.

Common Pleas Court, Franklin County.

No. 211929. Decided October 30, 1961.

110

*Messrs. Summer, Hoffman & Bowsher*, for appellants.
*Mr. Mark McElroy*, attorney general, and *Mr. Daniel T. Lehigh*, assistant attorney general, for appellee.

DRAPER, J.   This cause comes into this Court on appeal from an order of the Board of Review, Bureau of Unemployment Compensation, State of Ohio, adopting certain rules of procedure which the appellant hereto alleges are unlawful or unreasonable.

The statutory basis for this appeal is the administrative procedure act, Sections 119.01 et seq., Revised Code.

The pertinent section applicable to this particular appeal is:

(Section 119.03, Revised Code, particularly Section 119.03 [C], Revised Code.)

There is no error claimed by the appellants herein with reference to the compliance with Section 119.03, Revised Code, relating to procedure.   The Court finds that the procedural requirements in amending the rules have been complied with by the agency.

The appellant's authority to appeal is controlled by Section 119.11, Revised Code:

"Any person adversely affected by an order or an agency in adopting, amending, or rescinding a rule or in adopting, readopting, or continuing a rule, amendment or rescission previously adopted as an emergency rule as provided in Section 119.03, Revised Code, may appeal to the court of common pleas of Franklin county on the ground that said agency failed to comply with the law in adopting, amending, rescinding, publishing, or distributing said rule, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful. No emergency rule, amendment, or rescission adopted as pro-

vided in division (F) of Section 119.03, Revised Code, shall be subject to an appeal during the effective period of the emergency rule, amendment or rescission.''

\* \* \* \*

''If the court decides that the procedural requirements in adopting, amending, or rescinding a rule have been complied with by the agency and that the rule as adopted or amended by the agency is reasonable and lawful, or that the rescission of the rule was reasonable and lawful it shall affirm the order of the agency. If the court decides that the procedural requirements in adopting, amending, or rescinding a rule have not been complied with by the agency, or that the rule as adopted or amended by the agency is unreasonable or unlawful, or that the rescission of the rule was unreasonable or unlawful, it shall declare invalid such order by said agency.

''Any order of the court in reviewing on appeal an order of any agency in adopting, amending, or rescinding a rule shall be final unless an appeal is taken therefrom, but no person affected thereby shall be precluded from attacking at any time the reasonableness or legality of any rule in its application to a particular set of facts or circumstances.''

The Court, in order to entertain this case, must first find that the appellants are rightly in Court, that is, that they are adversely affected.

If the Court finds they are not adversely affected, it would then refuse to entertain the appeal, but if it finds they are adversely affected, the Court must then proceed to determine:

1—That the procedural requirements in adopting, a rule has been complied with:

2—That the rule is reasonable and lawful, or, the rule or the rescission is unreasonable or unlawful.

If the Court finds that the procedure has been complied with and that the rule is reasonable and lawful, it shall affirm the agency; on the other hand, if the Court finds that the procedure has been complied with but that the rule is unlawful or unreasonable, it shall declare invalid such order.

This is not a trial de novo but an appeal, and the Court is limited in its decision to the transcript of the record of the hearing had before the Board of Review of the Unemployment Compensation Bureau of the State of Ohio.

The hearing was held before the Board of Review of the Bureau of Unemployment Compensation of Ohio, August 7, 1961, for the purpose of considering the adoption of the amended rules whose numbers are as follows:

| | |
|---|---|
| 901.3 | 965. |
| 905.2 | 965.1 |
| 931.2 | 965.2 |
| 934.1 | 966. |
| 935. | 971.1 |
| 935.1 | 973. |
| 936.6 | 974. |

The public hearing was held and among those present was Robert Hoffman, attorney, who took part in the proceedings protesting the adoption of some of the rules and giving his reasons.

The same Robert Hoffman is the attorney for the appellants in the within case.

The appellants are amenable to the Unemployment Compensation law, having more than three employees and holding Unemployment Compensation numbers:

No. 433-005501-25—For Columbus Green Cabs, Inc.

No. 508-005870-25—For Plumbers & Factory Supplies, Inc.

The Court is thus presented with the jursidictional question first, of whether the appellants herein qualify as being "adversely affected" which is the necessary qualification to give this Court jurisdiction in this case.

The appellants as complying employers are amenable to the rules adopted by the Board of Review.

Section 119.03(C), Revised Code, holds in part:

"* * * any person affected by the proposed action of the agency may appear and be heard in person, by his attorney," * * *.

It does not say that the person or the attorney have to disclose their relationship or name.

We may conclude from the fact that Robert Hoffman represents the appellants now that he represented them in the hearing and thus complied with Section 119.03(C), Revised Code.

The appellants, through the representation of their attorney, Robert Hoffman, appeared at the hearing and objected

to the adoption of certain of these rules, giving their reasons for their objection as will be discussed later.

These objections were directed toward the proposition, that the adopting of them would adversely affect the appellants.

1—That as they are subject to the rules, any change which deprives them of any legal rights or changes the procedure, placing a burden on them that the law doesn't require adversely affects them.

2—Any change of rules which is contrary to law adversely affects them.

3—Any changes of rules which are unreasonable adversely affects them.

The law does not require a vain attempt to prove one is, adversely affected, beyond the fact that he is amenable to and controlled by the rules and objects to them as placing him in an unfavorable position different from that which he had before the new rules.

These parties having been represented at the hearing, being amenable to the Unemployment Compensation laws, objecting to certain of the rules as unlawful or unreasonable are parties adversely affected as contemplated by Section 119.03(C), Revised Code.

The case of *Brown-Brockmeyer Co.* v. *Roach*, 148 Ohio St., 511 holds:

"The Unemployment Compensation Board of Review is authorized by Section 1346-3, General Code, to adopt rules of procedure not inconsistent with the Unemployment Compensation Law."

Thus the Supreme Court has said that the rules must be consistent with the statutory law.

The Court is then presented with the issue as to whether any one or all these proposed Rules, are unreasonable or unlawful.

In determining the issues enjoined upon it by the statute, the Court cannot go outside the record. Further, to be unlawful must be against Unemployment Statute.

The Court might point out that to be unreasonable must be supported by evidence; to sustain the rules, the Court must find that the agency complied with the procedural requirements

of the statute, and also find that the rules are both *reasonable and lawful.*

The Court to find the rules unlawful must find that the rule is inconsistent with the statutes relating to Unemployment.

To find the rule unreasonable, the Court must find that the basis upon which it is to determine the unreasonableness of the rule is supported by evidence.

On the other hand, the Court may find that the rules might be lawful but unreasonable, or that they are reasonable but unlawful. In either event the Court would declare invalid such order of the agency. Whether the procedural requirements were or were not complied with, would not affect their unreasonableness or unlawfulness.

Thus, the Court must pass on the validity or invalidity of these rules from two standpoints:

(1) The Court must determine whether the rules comply with the laws of Ohio relating to the power of the agency and their right to adopt certain rules. This is necessary to find if the rules are lawful or unlawful.

(2) The Court must determine if the rules are reasonable or unreasonable insofar as whether the rules grant a fair hearing to all parties appearing before the Board of Review. Also, whether they provide a fair and impartial hearing equally to the employer and employee.

In passing upon each of the rules herein, the Court must decide both as to their lawfulness and/or reasonableness.

Lawful means legal, rightful, according to law, according to the method required by statute.

Reasonable means fair, honest and just.

*Webster's new International Dictionary,* second edition, defines ''unreasonable'' as follows:

''Unreasonable—not reasonable; as: a Not endowed with reasoning ability, b Not conformable to reason; irrational; also, not governed or influenced by reason, c Beyond the bounds of reason or moderation; immoderate; exorbitant. Syn.—*absurd, irrational, senseless, excessive, exorbitant, extravagant, immoderate.*'' (Emphasis added.)

Since the Board of Review is endowed by statute with the right to adopt rules, the Court must consider them as valid,

unless they are unreasonable or in conflict with statutory enactments covering the same subject matter: *State, ex rel. De Boe* v. *Industrial Commission,* 161 Ohio St., 67.

The duty is on the party attacking the validity of the rule, "to make its invalidity manifest." *Review Committee* v. *Willey,* 275 Fed. 2d, 264.

The action of the Board of Review in adopting these rules is presumed to have been done in good faith and imparts verity. *Bloch* v. *Glander,* 151 Ohio St., 381.

There must be, before Courts will interfere with rules of public boards, a showing of bad faith and an abuse of discretion. *Greco* v. *Roper,* 145 Ohio St., 243.

In the hearing before the Board of Review the appellant presented no evidence of unreasonableness of said rules except as they were inconsistent with the statutes.

The appellants must do more than grumble about rules, they must present evidence to show that to them and/or others situated like them, would be unreasonably affected by the rule.

The only statement made on behalf of the appellants was that the rules complained of were inconsistent with the statutes.

Unreasonable and unlawfulness are not the same.

Unlawfulness is contrary to the statutes.

Unreasonable is contrary to the rights of the appellants.

The Court finds that the appellants have failed to sustain the unreasonableness of these rules by evidence.

The Court finds the rules reasonable.

The only question left to decide is whether these rules are inconsistent with the Constitution of the United States, the Constitution of the State of Ohio and the laws of this state relating to Unemployment Compensation.

The statutes relating to Unemployment Compensation are Secs. 4141.01 to 4141.99, inclusive, Revised Code.

The composition of the Board of Review is established by Section 4141.06, R. C.:

"There is hereby created an unemployment compensation board of review consisting of three full-time members appointed by the governor, with the advice and consent of the senate, for terms of six years. Each member shall be paid a salary of ten thousand dollars a year from the unemployment compensation

administration fund. The governor, may, at any time, remove any member for cause in the manner provided in Section 4141.02, Revised Code, for the removal of the administrator of the bureau of unemployment compensation.

"Not more than one of the appointees to such board shall be a person who, on account of his previous vocation, employment, or affiliations, can be classed as a representative of employers, and not more than one of such appointees shall be a person who, on account of his previous vocation, employment, or affiliations, can be classed as a representative of employees. Not more than two of the members of said board shall belong to the same political party. No member of such board shall hold any position of trust or profit or engage in any occupation or business interfering or inconsistent with his duties as a member and no member shall serve on any committee of any political party.

"The board may appoint a secretary to hold office at its pleasure. Such secretary shall have such powers and shall perform such duties as the board prescribes and shall receive such compensation as the board, with the approval of the governor, determines. Notwithstanding Sections 143.01 to 143.48, inclusive, Revised Code, each member of the board may appoint a private secretary to hold office at the pleasure of such member.

"Two members of the board constitute a quorum and no action of the board is valid unless it has the concurrence of at least two members. A vacancy on the board does not impair the right of a quorum to exercise all the rights and perform all the duties of the board. The board or its secretary shall keep a record of the proceedings of the board and of its determinations.

"The board shall hear appeals arising from claims for compensation and adopt, amend, or rescind such rules of procedure, undertake such investigations, and take such action required for the hearing and disposition of appeals as it deems necessary and consistent with Sections 4141.01 to 4141.46, inclusive, Revised Code. Such rules of procedure shall be effective as the board prescribes and shall not be inconsistent with such sections.

"The board, subject to Sections 143.01 to 143.48, inclusive,

Revised Code, and the approval of the governor, shall appoint such referees as are necessary. Such referees shall be classified by the state civil service commission and any promotions of such referees or any increase in compensation of such referees may be recommended by the board subject to classifications which are made by the state civil service commission. The board may grant power to take testimony in any appeals coming before the board. The board and its referees shall, in the performance of their duties, exercise all the powers provided by Section 4141.17, Revised Code.

"The board, subject to Sections 143.01 to 143.48, inclusive, Revised Code, may employ such reporters, stenographers, clerical aid, and other employees as are requisite to the discharge of the duties of the board and may determine the salaries and duties of such employees. The board shall further provide itself and its employees with such offices, equipment, and supplies as are necessary, using those already provided for the central office of the bureau or its branch offices wherever possible.

"The board shall have access to all the records of the bureau of unemployment compensation needed in the performance of its official duties. The board shall have the right to request of the administrator necessary information from the research and statistics department, the legal department, the department of public information, the fiscal department, or any other department from which pertinent information is necessary.

"The board shall prepare and submit a budget covering the necessary administrative costs of the board, and such budget shall be approved by the administrator without change and shall be included in the budget as a part thereof."

This court is only interested in one thing so far as this case is concerned and so far as the separate governments are concerned. That is, do the rules conform to the law and are they consistent with the statutes. No branch of government has a right to force its will on another sovereign branch of the government by the threat of withholding funds which rightfully belong to that branch for public purpose. Once we have started subrogating law to political or financial pressure, we have

entered the realm of chaos from which there is no return, but complete annihilation of our way of life. In America no person and no organization is above the law.

The agency cannot adopt rules which are contrary to the clear meaning of the law nor can they adopt rules inconsistent with the statutes relating to the same subject. The method of change lies not with the Court or the agency but with the legislature. Where the true meaning is clear from the statute, the agency cannot nor can the Court affirm them in their failure to follow the strict language of the stautte.

*The agency cannot adopt any rule which is inconsistent with the Constitution of the United States, the Constitution of the State of Ohio or any law of this state relating to Unemployment Compensation.*

We will discuss the rules separately.

We cannot quarrel with the statements made by Mr. Altman on Page 9 of the record as follows:

"I think it might be helpful if I were to read this. It summarizes a little of the background from the Department's standpoint, and may be useful for participants in this hearing for their understanding of the questions that have been raised concerning present rules, so, if I may, let me read this very brief introduction to our own comments.

"Title III of the Social Security Act directs the Secretary of Labor to certify, for payment of grants of amounts necessary for proper and efficient administration of the Unemployment Compensation Law, each state whose law has been approved under the Federal Unemployment Tax Act, and, in addition, meets the requirements of Section 303(a) of the Social Security Act.

"One of those requirements, Section 303(a)(1), is that the State Unemployment Compensation Law includes provision for 'Such methods of administration as are found by the Secretary of Labor to be reasonably calculated to insure full payment of unemployment Compensation when due,' and the other requirement, Section 303(a)(3), is that the State's Unemployment Compensation Law includes provision for: 'Opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for Unemployment Compensation are denied.' "

The sovereign State of Ohio is interested in insuring full payment of Unemployment Compensation when due and a fair hearing before an impartial tribunal for all parties.

The present rules of the Bureau of Unemployment Compensation have been in existence for some time and *no place in the record is there any evidence of any complaint by any person that they did not receive their unemployment compensation when due or were not accorded a fair hearing before an impartial tribunal.*

### FIRST APPEAL—*Rule 901.3*

The first rule to be changed is Rule 901.3.

The change adopted by the agency is to delete the words: "*and the reasons therefor.*"

Section 4141.28-(I), Revised Code, states:

"(I) Requests for reconsideration or appeals may be filed with the board, with the administrator or one of his deputies, with an employee of another state or federal agency, or with an employee of the unemployment insurance commission of Canada charged with the duty of accepting claims. Any timely written notice stating that the interested party desires a review of the previous determination or decision and the reasons therefor, shall be accepted."

The phrase "and the reasons therefor," set forth in the statute Section 4141.28-(I), Revised Code, relates to the *decision* rather than to the written *notice*. This is easily discernible when we look at the word "any," this word takes away from the written notice any formality and allows any type of notice to be accepted. If the legislature provided an easy method whereby any party could file any kind of a notice of appeal, they certainly would not then become technical and expect the same party to enumerate legal or factual grounds for his appeal.

This rule is not inconsistent with the statutes or unlawful and the Court affirms the Board in adopting this rule.

### SECOND APPEAL

Rule "905.2. Examination of Witnesses; Evidence.

"The Board or the Referee shall conduct the hearing in such order and manner as appears reasonable and necessary to ascertain the facts and to determine whether the claimant is entitled to benefits under the law and to render a fair and impartial decision. The Board or the Referee shall not be bound

by common law or statutory rules of evidence or by technical or formal rules of procedure. The Board or the Referee shall not impose upon the claimant or the employer any burden of proof such as obtains in a court of law. The file of the Administrator pertaining to the case, certified by the Administrator, shall become a part of the record of the hearing and the information contained therein shall be considered by the Board or the Referee in arriving at a decision together with any other information which may be produced at the hearing. In any hearing, the Board or the Referee may examine the parties and their witnesses. Where a party is not represented by counsel or other agent, the Board or Referee shall advise said party as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the discharge of the official duties of the Board or Referee, the parties shall be permitted to present all evidence and testimony which they believe is necessary to establish their rights. Each party shall be afforded the opportunity to cross examine all adverse parties and their witnesses * * (2) * * *and have the right of cross-examination in connection with evidence and testimony.*"

The rule eliminated the words, "present at the hearing" and added "and have the right of cross-examination in connection with evidence and testimony."

This change of rule allows the parties to cross-examine anyone whose name appears in the file, as well as any employee of any corporation who might have written a paper or had anything to do with the file.

The appellants' protest is directed against the right to cross-examine on hearsay evidence which might be in the file, and the cross-examination of employees who were not officers of a corporation.

The appellants further complain that this rule would re-enact the "Shannon Case" rule by requiring claimant to appear and be cross-examined which is inconsistent with Section 4141.28(J)(1), Revised Code, which provides:

"The failure of the claimant or other interested party to appear at a hearing, unless he is the appealing party, shall not preclude a decision in his favor, if on the basis of all the

information in the record, including that contained in the file of the administrator, he is entitled to such decision."

Section 2317.52, Revised Code, allows cross-examination of agents, this disposes of appellants' contention with reference to that point.

This rule is not inconsistent with any statutes.

This rule does not affect the *Shannon case*, as the rule only operates when the party demands it. That is, he has the right but need not exercise it.

A fair hearing should embrace every facet and with it the right to subject every facet to the scrutiny of cross-examination to arrive at the truth.

This rule not being inconsistent with statute, the Board of Review is affirmed.

### THIRD APPEAL

The next amended rule in controversy is Rule No. 931.2.

The last paragraph is that which was amended. It reads as follows:

"If the appellant desires to submit additional evidence he shall set forth a brief statement thereof together with the reasons why such evidence was not produced at the hearing before the referee."

The change made is the deletion of the words "together with the reasons why such evidence was not produced at the hearing before the referee."

Also, page 52 of the record states:

"The Board has adopted the latter suggestion or proposed the latter suggestion, and we have added to the rule 931.2 the words 'The Board will allow any timely written application for further hearing in any case where the appellee in the referee's hearing shows good cause for having failed to appear at such hearing.' "

These changes do not seem to the Court to be unlawful or inconsistent with any statutes. The appellee may be granted a right which no longer appears in the statute, but it does not detract from a fair and impartial hearing; nor does it place any additional burdens on any of the parties; nor does it deprive any party of any right, nor is it so contrary to law. Such Unemployment Compensation hearings are by necessity informal and unless the law is clear and unequivocal, this Court

cannot deprive the Board of Review of its rule-making power. Certainly, this Court cannot say that the new amended rule is unworkable or inconsistent with the statutes. The Court affirms this rule.

## FOURTH APPEAL

Rule 936.6, a new rule, reads:

"Failure of Appellee to Appear.

"When an appellee, failing to appear at a Board hearing and within ten (10) days after the date of the hearing provides the Board in writing with good cause for not appearing, the Board shall schedule a new hearing with notice to all interested parties. After such new hearing the Board shall issue a decision based upon the entire record."

This rule is inconsistent with Section 4141.28(M), Revised Code. It provides for a new hearing, when the appellee fails to appear at the Board hearing and shows good cause for not appearing. This rule would prevent a final adjudication until the Board determines if appellee's non-appearance was with good cause, and if it finds it was, it then has a hearing de novo. This rule borders on the ridiculous, as the appellee's appearance would and should not be the controlling factor, but the entire testimony.

There would conceivably never be an end to litigation. Further, the rule leaves the impression that even after the new hearing, the Board's decision is not on the new hearing or new evidence but the entire record.

The Court finds this rule inconsistent with the law and declares such order invalid.

## FIFTH APPEAL

Rule 971.1 was amended to read as follows:

"Application to inspect records.

"When an interested party believes it is necessary to secure information from the record in order to present and maintain the issues at a hearing before a Referee, the Board, or a Court of Common Pleas, such information shall, upon request, be made available to such party or his duly authorized representative for examination in the office of the Board * * (10) * * or at the time and place of hearing.

(* * [10] * * deleted material: "upon the filing of a proper application.")

The Department of Labor's suggested changes were adopted: "Insert the words 'upon request' after the word 'shall' and delete the last phrase 'upon the filing of a proper application' and insert in lieu thereof 'or at the time and place of hearing.' "

Section 4141.21, Revised Code, is as follows:

"Subject to Section 4141.43, Revised Code, the information furnished to the administrator of the bureau of unemployment compensation by employers or employees pursuant to Sections 4141.01 to 4141.46, inclusive, Revised Code, is for the exclusive use and information of the bureau of unemployment compensation in the discharge of its duties, and shall not be open to the public or be used in any court in any action or proceeding pending therein, or be admissible in evidence in any action, other than one arising under such sections. All of the information and records necessary or useful in the determination of any particular claim for benefits or necessary in verifying any charge to an employer's account under Sections 4141.23 to 4141.26, inclusive, Revised Code, shall be available for examination and use by the employer and the employee involved or their authorized representatives in the hearing of such cases; and said information may be tabulated and published in statistical form for the use and information of the state departments and the public."

The Court finds that said rule is not unlawful. The only change is "upon request," and this does not change the necessity of an interested party.

The Court finds said rule lawful and affirms the order of the agency.

## SIXTH APPEAL

The last rule is Rule 974, as follows:

"Disqualification of a Board Member.

"No Board Member shall participate in the disposition of any appeal in which he has an interest which might prevent him from being impartial in the decision. Challenges to such interest of any Board Member shall be in writing. All challenges shall be decided by the Board."

At page 90 of the Record Chairman Krabach states: QUESTION: "First, would not this rule prevent a duly author-

ized member of the Board from performing a duty authorized under Section 4141.06, Revised Code?

"CHAIRMAN KRABACH: Section 4141.06, Revised Code, states the specific duties of a Board member, and this rule could prevent him from doing it, that is correct, sir."

Section 4141.06, paragraphs 1 and 2 states:

"Board of review; referees.

"There is hereby created an unemployment compensation board of review consisting of three full-time members appointed by the governor, with the advice and consent of the senate, for terms of six years. Each member shall be paid a salary of ten thousand dollars a year from the unemployment compensation administration fund. The governor, may, at any time, remove any member for cause in the manner provided in Section 4141.02, Revised Code, for the removal of the administrator of the bureau of unemployment compensation.

"Nor more than one of the appointees to such board shall be a person who, on account of his previous vocation, employment, or affiliations, can be classed as a representative of employers, and not more than one of such appointees shall be a person who, on account of his previous vocation, employment, or affiliations, can be classed as a representative of employees. Not more than two of the members of said board shall belong to the same political party. No member of such board shall hold any position of trust or profit or engage in any occupation or business interfering or inconsistent with his duties as a member and no member shall serve on any committee of any political party."

We see by these paragraphs from the statutes that one will be a representative of Employer, one a representative of Employe and one representative of the public, and that not more than two can be of the same political party.

This new rule would make a nullity of the statute and the board. Naturally, at least two of these men could always be challenged by being interested. This is true because only Employers and Employees appear before the Board, therefore, to the Employee the Employer member could be challenged and the Employer could challenge the Employee member.

This would throw the Board into complete confusion and

prevent it from carrying out the duties enjoined on it by statute.

The rule allows no alternative as it does not state, "in which he has an interest in the controversy," but states, "in which he has an interest which might prevent him from being impartial in the decision." Under the rule as adopted, the members of the Board would always have an interest, from their background contrary to one side or another of the parties.

Rules must not be inconsistent with the law. This rule cannot help but be inconsistent with the statute, as it is natural for these Board members who have been appointed as representatives of a certain class to have an interest favorable to their class though they are impartial in their decision.

The order of the Board is declared invalid.

The Court, in its determination of the issues herein, has allowed itself to be swayed by the law and reason and nothing else.

We must assume that all parties are activated by the motive of providing a fairer hearing for all parties, but where the legislature of the sovereign State of Ohio has spoken, we must assume they were activated by the same motive and since they are the body chosen to represent the people and translate their desires and wants into statutes, that the people and not the courts must request and make the change different from the statute.

This Court cannot see that the statutes of Ohio deprive any party of any rights, or that they need to be changed to make them function more easily.

Government only survives when all the branches thereof mutually respect and recognize the sphere of all other branches and does not try to dominate, or control them.

The people being sovereign, speak through their legislatures and require no agency or Court to tell them what they want and need.