459 P.2d 159

WYLIE BROS. CONTRACTING CO., Sandia Battery and Manufacturing Co., Inc., and Dale Seymour, d/b/a Coronado Wrecking & Salvage Company, Appellants,

v.

ALBUQUERQUE–BERNALILLO COUNTY AIR QUALITY CONTROL BOARD, Appellee.

No. 252.

Court of Appeals of New Mexico.

Sept. 5, 1969.

Charles C. Spann, Grantham, Spann, Sanchez & Rager, Lewis R. Sutin, Sutin, Thayer & Browne, Albuquerque, for appellants.

D. Peter Rask, Albuquerque, for appellee.

OPINION

OMAN, Judge.

This is a direct appeal from the actions of appellee in adopting air pollution control regulations pursuant to the Air Quality Control Act enacted in 1967, being §§ 12–14–1 to 12–14–13, N.M.S.A.1953 (Repl. Vol. 3, 1968). The appeal has been taken pursuant to the provisions of § 12–14–7(A) and (B), N.M.S.A.1953 (Repl. Vol. 3, 1968), and appellants seek to have said regulations set aside on the grounds specified in § 12–14–7(C), N.M.S.A.1953 (Repl. Vol. 3, 1968).

The relevant powers and duties of a board, and the provisions for judicial review of regulations adopted pursuant thereto, are set forth in the statutes as follows:

"§ 12–14–5. *Duties and powers of board.* —A. The board shall prevent or abate air pollution.

"B. The board may:

"(1) Adopt, promulgate, publish, amend and repeal regulations consistent with the Air Quality Control Act [12–14–1 to 12–14–13] to prevent or abate air pollution, including regulations prescribing air standards within the geographic area of the board's jurisdiction, or any part thereof. Regulations shall not specify the method to be used to prevent or abate air pollution. Any regulation promulgated under this section shall be consistent with federal law, if any, relating to control of motor vehicle emission. In making its regulations, the board shall give weight it deems appropriate to all facts and circumstances, including but not limited to:

"(a) character and degree of injury to or interference with health, welfare and property;

"(b) the public interest, including social and economic value of the sources of air contaminants;

"(c) technical practicability and economic reasonableness of reducing or eliminating air contaminants from the sources involved and previous experience with equipment and methods available to control the air contaminants involved;

*     *     *     *     *     *

"§ 12–14–6. *Adoption of regulations. —Notice and hearing.*—No regulation or emission control requirement or amendment or repeal thereof shall be adopted until after a public hearing by the board within the area of the state concerned. Hearings on regulations of state-wide application shall be held at Santa Fe. Notice of the hearing shall be given at least thirty [30] days prior to the hearing date and shall state the subject, the time and the place of the hearing and the manner in which interested persons may present their views. The notice shall also state where interested persons may secure copies of any proposed regulation or air quality standard. The notice shall be published in a newspaper of general circulation in the area affected. Reasonable effort shall be made to give notice to all persons who have made a written request to the board for advance notice of its hearings. At the hearing, the board shall allow all interested persons reasonable opportunity to submit data, views or arguments orally or in writing and to examine witnesses testifying at the hearing. Any person heard or represented at the hearing shall be given written notice of the action of the board. The board may designate a hearing officer to take evidence in the hearing. No regulation or emission control requirement or amendment or repeal thereof adopted by the board shall become effective until thirty [30] days after its filing with the supreme court law librarian."

"§ 12–14–7. *Validity of regulation.— Judicial review.*—A. Any person who is

or may be affected by a regulation adopted by the board may appeal to the court of appeals for further relief. All appeals shall be upon the record made at the hearing, and shall be taken to the court of appeals within thirty [30] days after filing of the regulations with the supreme court law librarian.

"B. The procedure for perfecting an appeal to the court of appeals under this section consists of the timely filing of a notice of appeal with a copy attached of the regulations from which the appeal is taken. The appellant shall certify in his notice of appeal that arrangements have been made with the board for preparation of a sufficient number of transcripts of the record of the hearing on which the appeal depends to support his appeal to the court, at the expense of the appellant, including three [3] copies which he shall furnish to the board.

"C. Upon appeal, the court of appeals shall set aside the regulation only if found to be:

"(1) arbitrary, capricious or an abuse of discretion;

"(2) not reasonably related to the prevention or abatement of air pollution; or

"(3) otherwise not in accordance with law."

Appellee is a joint municipal-county board created in accordance with the provisions of § 12–14–4, N.M.S.A.1953 (Repl. Vol. 3, 1968). In addition to provisions for the creation of municipal boards, Class A county boards, and joint municipal-county boards, the Act provides that the State Board of Public Health [now succeeded by the Health and Social Services Board of New Mexico, §§ 12–1–27 to 12–1–31, N.M.S.A.1953 (Repl. Vol. 3, 1968).], is the State Board, with jurisdiction in all areas of the State, except within the boundaries of municipalities and Class A counties which have elected, by adopting an appropriate ordinance, to assume jurisdiction for the administration and enforcement of the Act. Section 12–14–3, N.M.S.A.1953 (Repl. Vol. 3, 1968).

We must first dispose of appellee's contentions that this court is without jurisdiction: (1) to pass upon the validity of regulations adopted by a board created and organized under the Act, or (2) to entertain this particular appeal because of lack of standing by appellants to appeal.

The first question, restated, is whether this court has the authority and power to review on appeal the air pollution control regulations adopted by a board, and to set aside such regulations if found to be arbitrary, capricious, an abuse of discretion; not reasonably related to the prevention or abatement of air pollution; or not otherwise in accordance with law. We answer that the court does have this authority and power.

Appellee's position is that the actions of a board in adopting regulations are legislative in nature and that this court lacks jurisdiction to review actions of this nature.

Article VI, § 29 of the Constitution of New Mexico provides as follows relative to the appellate jurisdiction of this court:

" * * *. It [Court of Appeals] may be authorized by law to review directly decisions of administrative agencies of the state, and it may be authorized by rules of the Supreme Court to issue all writs necessary or appropriate in aid of its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as may be provided by law."

Appellee concedes that the powers delegated to a board by the Legislature are partially administrative, but contends the power exercised in the adoption of regulations is legislative and the procedures prescribed by the Act in the exercise of this power are not reviewable by this court. It claims to have faithfully followed these procedures, and, for the sake of the question now being considered, we assume compliance therewith.

The adoption of regulations is legislative in nature, in that regulations

prescribe rules of conduct. However, the adoption of air pollution control regulations, even though an exercise of the police power for the protection of human health, animal and plant life, property and the use thereof, and the general welfare of the public, is still a proper function of a board, in that the regulation-making power exercised in this function is conferred on a board for the accomplishment of the general objectives and policies announced by the Legislature in the Air Quality Control Act. Compare State v. Spears, 57 N.M. 400, 259 P.2d 356, 39 A.L.R.2d 595 (1953); Crain v. First National Bank of Oregon, Portland, 324 F.2d 532 (9th Cir. 1963); United States v. Rosenzweig, 25 F.Supp. 811 (M.D.Pa.1939); First Industrial Loan Co. of California v. Daugherty, 26 Cal.2d 545, 159 P.2d 921 (1945); Sutherland v. Ferguson, 194 Kan. 35, 397 P.2d 335 (1964). See also, 1 Davis, Administrative Law Treatise, ch. 2 (1958).

Appellee contends it has been properly vested by the Legislature with this regulation-making power because it is a municipal-county board, and the Legislature can constitutionally delegate legislative powers to municipalities and Class A counties as local governments, but not to administrative agencies. It cites as authority in support of its position, 6 McQuillin, Municipal Corporations, § 24.37 (3d Ed. 1949) and 16 Am. Jur.2d, Constitutional Law, § 250, p. 500 (1964). It also contends the constitutionality of delegating legislative powers to cities and counties as local governments is implied in Purcell v. City of Carlsbad, 126 F.2d 748 (10th Cir. 1942); Bowdich v. City of Albuquerque, 76 N.M. 511, 416 P.2d 523 (1966); City of Santa Fe v. Gamble-Skogmo, Inc., 73 N.M. 410, 389 P.2d 13 (1964); Town of Mesilla v. Mesilla Design Center & Book Store, 71 N.M. 124, 376 P.2d 183 (1962); Munro v. City of Albuquerque, 48 N.M. 306, 150 P.2d 733 (1943); Fancher v. Board of County Commissioners, 28 N.M. 179, 210 P. 237 (1921); Agua Pura Co. v. Mayor & Bd. Ald., 10 N.M. 6, 60 P. 208 (1900); Donalson v. San Miguel County, 1 N.M. 263 (1859).

■ We assume that the delegation of legislative authority to political subdivisions, relative to governmental control over matters local in scope, is not subject to the general principle prohibiting the delegation of general legislative authority to administrative agencies. However, we are unable to follow appellee's reasoning that it is properly vested with the power to adopt regulations, because it was created by ordinance in accordance with legislative authority [§ 12–14–4, N.M.S.A.1953 (Repl. Vol. 3, 1968)], but the State Board [Health and Social Services Board of New Mexico], which is an administrative agency of the State [§§ 12–1–27 to 12–1–31, supra], cannot constitutionally be vested by the Legislature with this same power. The State Board, a municipal board, a Class A county board, and a joint municipal-county board, such as appellee, are all dependent upon the same legislative authority and enactment for their power to adopt regulations. All are subject to the standards prescribed by the Legislature. Compare City of Santa Fe v. Gamble-Skogmo, Inc., supra. Except for the geographic area of their jurisdiction, they have the same powers and duties, including those of adoption, promulgation, publication, amendment and repeal of regulations consistent with the Air Quality Control Act.

■ We fail to understand why the Legislature can vest an administrative board created by ordinance pursuant to express legislative authority, with regulation-making power, but cannot vest a state administrative board created by the Legislature itself with this same power. The power comes from the Legislature in both instances. Compare Northwestern Laundry v. Des Moines, 239 U.S. 486, 36 S.Ct. 206, 60 L.Ed. 396 (1916); People v. New York Edison Co., 159 App.Div. 786, 144 N.Y.S. 707 (1913). See also, 1 Davis, Administrative Law Treatise, ch. 2 (1958). The Legislature has also provided for a review of the exercise of this power. Section 12–17–7, supra. Further, every presumption is to be indulged in favor of the validity and regularity of legislative enactments. City of

Raton v. Sproule, 78 N.M. 138, 429 P.2d 336 (1967); Sutherland v. Ferguson, supra.

We find appellee's first attack on the validity of the Air Quality Control Act to be without merit.

Appellee's next contention is that the Court of Appeals has no jurisdiction, power or authority over this matter, because it does not constitute a "case."

▮ The only statute creating appellate jurisdiction in this court over the validity of regulations adopted by a board such as appellee is § 12–14–7, supra. It is apparent from a reading of this statute that the Legislature intended to confer on this court the authority and power to review the validity of such regulations. A statute will not be declared unconstitutional unless the court is satisfied beyond all reasonable doubt that the Legislature went outside the constitution in enacting the challenged legislation. City of Raton v. Sproule, supra; State ex rel. Hovey Concrete Products Co. v. Mechem, 63 N.M. 250, 316 P.2d 1069 (1957); State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949).

Appellee urges that "case" means "controversy," "actual controversy" or "justiciable controversy."

Article III, § 2 of the Constitution of the United States, in declaring and defining the judicial power of the United States, uses the terms "cases" and "controversies."

As shown by the quotation from Article VI, § 29 of the Constitution of New Mexico, the Court of Appeals, if "authorized by law," has jurisdiction "to review directly decisions of administrative agencies of the state," and, as "provided by law," has appellate jurisdiction "in all other cases."

▮ A court has the duty of searching out and declaring the true meaning and intent of the constitution and amendments thereto. State ex rel. Chavez v. Evans, 79 N.M. 578, 446 P.2d 445 (1968); Flaska v. State, 51 N.M. 13, 177 P.2d 174 (1946). The people are presumed to know the meanings of the words they use in constitutional provisions, and they are presumed to give to the words their plain, natural and usual signification and import, with due regard being given to the fact that the words are being used in expressing a part of the permanent and fundamental law of the State. A constitution is a practical instrument adapted to common wants and designed for common use, and it is made and adopted by the people themselves. It must be construed as if intended to stand for a great length of time. Since it is an instrument of progress, its meaning should not be too narrowly or literally interpreted, but rather it should be given a meaning which will be consistent with new or changed conditions as they arise. If words are used therein that have both a restricted and a general meaning, the general must prevail, unless the context clearly indicates that the restricted meaning was intended. Flaska v. State, supra.

▮ With these principles of construction in mind, it is our opinion that the word "cases," as used in Article VI, § 29 of our Constitution, cannot be construed as embracing "decisions of administrative agencies," which construction appears to be consistent with the plain and usual interpretation of the language used, and then given the restricted meaning ascribed to "cases" or "controversies" by the United States Supreme Court in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936), and Muskrat v. United States, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911), wherein these words, as used in Article III, § 2 of the Constitution of the United States, were being construed.

▮ The word "case" has many meanings, depending upon the context in which it is used. See Merriam-Webster's New International Dictionary Unabridged (3d Ed. 1966). We make no effort to construe or define with precision its meaning as used in Article VI, § 29 of our constitution. Since it does include a "decision," we have no difficulty in concluding that it embraces regulations adopted by a board and filed with the Supreme Court Law Librarian.

In Armijo v. Armijo, 77 N.M. 742, 427 P.2d 258 (1967), a "decision" was defined as "a determination arrived at after consideration, an opinion formed, or a course of action decided upon."

Appellee further contends that appellants have no standing here because their names do not appear anywhere in the transcript filed in this court pursuant to the provisions of § 12–14–7, supra. This section of our statutes does not require that an appellant be named in the transcript of the record, but only that he be a "person who is or may be affected by a regulation adopted by the board." Appellants have asserted in their Notice of Appeal that they are persons who are or may be affected by the regulations heretofore adopted by appellee and filed with the Supreme Court Law Librarian. This assertion is in no way contested.

In the usual case or lawsuit which reaches this court for appellate review, the parties before this court must have appeared as litigants in the court below, and the record must so show. The same is true of the usual appeal from a decision or order of an administrative agency. But the subject matter of direct appeals to this court under the Air Quality Control Act is not the usual judgment of a court entered in a case or lawsuit, nor is it the usual decision or order entered by an administrative agency after a hearing on contested issues.

The problem of air pollution is a relatively new area of extensive governmental control, and our Air Quality Control Act was not adopted until 1967. It is apparent to us that the Legislature intended that this court should have the power to review the validity of air pollution control regulations adopted by a board before any claimed violation thereof has occurred, and that any person who is or may be affected by a regulation has standing to invoke the appellate jurisdiction of this court to judicially review such a regulation to the extent provided in § 12–14–7, supra. We see no reason to hold the Act unconstitutional because it grants standing to invoke our jurisdiction to those

who are or may be affected by a regulation. Compare Stadnik v. Shell's City, Inc., 140 So.2d 871 (Fla.1962); State ex rel. Summers v. Public Service Commission, 366 S. W.2d 738 (Mo.Ct.App.1963); Columbus Green Cabs, Inc. v. Board of Review, Etc., Ohio Com.Pl., 88 Ohio Law Abst. 107, 184 N.E.2d 257 (1961); N.M.Laws 1969, ch. 252, § 8; § 64–27–68, N.M.S.A.1953 (Repl. Vol. 9, pt. 2, 1960).

Admittedly, our opinions in appeals arising under § 12–14–7, supra, will be advisory in nature, but in our judgment this is precisely what the Legislature was seeking in this relatively new and changing area of governmental control of air pollution. We are not satisfied beyond all reasonable doubt that the Legislature went outside our constitution in enacting this legislation. See City of Raton v. Sproule, supra.

We now turn to a consideration of the points relied upon by appellants in support of their contentions that the regulations adopted by appellee should be set aside.

Appellee, consistent with the position taken by it in challenging our jurisdiction, continues to take the position that its function in adopting regulations is legislative and our decision must be controlled by the law applicable to a review of legislative enactments. Appellants, on the other hand, take the position that appellee is an administrative board, that its function in adopting regulations is purely administrative, and that our decision must be controlled by principles of law applicable to the rule-making and order-making powers of administrative boards.

The adoption of appellee's position, which we have already rejected, would deprive this court of the authority and power of review which the Legislature intended it should exercise. The adoption of appellants' position would compel the destruction by this court of effective regulation-making power by reducing and converting the public hearing required in § 12–14–6, supra, into an adjudicatory proceeding. In our opinion, the public hearing contemplated by the Legislature in enacting § 12–14–6, supra,

is not to be equated with a hearing, inquiry or investigation conducted by a legislative body, or committee thereof, in regard to contemplated legislation, for the sole purpose of informing the members thereof and without obligation to be guided thereby. Nor is it to be equated with and bound by principles of law applicable to an adjudicatory proceeding before an administrative board. It is more nearly like the public hearing required by § 4 of our Administrative Procedures Act [N.M.Laws, 1969, ch. 252, § 4]. However, the procedures to be followed by a board in conducting the public hearing, and the matters to be considered by this court in reviewing regulations adopted by a board, are as set forth in the Air Quality Control Act, and, in particular, as are set forth in §§ 12–14–5 thru 7, supra. As to the distinction between legislative and adjudicative facts, and some of the difficulties encountered in endeavoring to define or limit their use or consideration in the resolution of problems and issues in both legislative and adjudicatory proceedings, see 2 Davis, Administrative Law Treatise, § 15.03 (1958).

Appellants first contend the regulations, as finally adopted by appellee, " * ' * * were adopted without a public hearing, and are, therefore, not in accordance with law." As to the general subject of the validity of air pollution control regulations, see Annot., 78 A.L.R.2d 1305 (1961) and cases therein cited.

Appellee gave notice of public hearing and conducted it on May 6 and June 7, 1968, in accordance with the provisions of § 12–14–6, supra. Although the record fails to show the number of persons in attendance at the hearing, the hearing officer, at the commencement of the session on June 7, at which representatives of different industries and of the community presented their views, commented that it was " * * * interesting to see that we have such a fine attendance," and "[w]e want to encourage the citizens of Albuquerque who are interested in the very vital matter involved in this hearing. * * * "

All interested persons were allowed to submit data, views and arguments both orally and in writing, and were given the opportunity to examine witnesses testifying at the hearing. These submissions and examinations, as could be expected, developed criticism of some portions of the proposed regulations and suggestions for the elimination of portions thereof or changes therein. As a result of the information developed at the hearing, the Board did make some deletions from its proposed regulations, made some changes therein, and made some additions thereto. Thus, there are some differences between the regulations proposed prior to the hearing and those finally adopted.

However, the major portion of the proposed regulations remain unchanged in their final form, and the changes made are consistent with data, views, arguments or testimony presented at the hearing.

In our opinion the purposes of the hearing were to secure the views of all interested persons, receive all pertinent data, and hear all offered testimony and arguments, in order that the board might be better informed and better able to intelligently formulate and adopt regulations consistent with, and more likely to achieve, the objectives of prevention and abatement of air pollution. We believe the board had these purposes in mind in conducting the hearing, in making the changes, and in adopting the regulations in their final form.

The fact that changes were made consistent with data, views, arguments and testimony presented at the hearing, indicates that the board did not act arbitrarily, capriciously, or in abuse of its discretion. We do not mean to suggest that a board, merely by making changes consistent with the information or views received at a public hearing, thereby removes its adopted regulations beyond successful attack as being arbitrary, capricious or an abuse of discretion. To so hold would be to invite and suggest change which might clearly be arbitrary, capricious or an abuse of discretion.

A total disregard of the information and views received at a public hearing would be arbitrary, capricious and an abuse of discretion, in that the purposes for the hearing would thereby be completely thwarted. However, it does not necessarily follow that a failure to change proposed regulations, consistent with the information or views so received, conclusively establishes that a board acted arbitrarily, capriciously or in abuse of its discretion.

■ In determining whether regulations adopted by a board should be set aside for any of the reasons set forth in § 12–14–7(C), supra, consideration must be given to the proposed regulations, the notice and other requirements concerning the conduct of the public hearing, the nature of the data, views, arguments and testimony presented at the hearing, the nature and extent of change, or lack of change, made in the proposed regulations after the hearing and before adoption, and the reasonable relationship of the adopted regulations to the prevention and abatement of air pollution.

■ A hearing was conducted by appellee, and this hearing, if not conducted in strict compliance with the requirements of the Air Quality Control Act, certainly was in substantial compliance therewith. Considering the nature of the hearing and the purposes thereof, nothing more was required of appellee. Compare City of Clovis v. Crain, 68 N.M. 10, 357 P.2d 667, 88 A.L.R.2d 1243 (1960); City of Alamogordo v. McGee, 64 N.M. 253, 327 P.2d 321 (1958). See also 2 McQuillin, Municipal Corporations, § 10.27 (3d Ed. 1966); 1 Davis, Administrative Law Treatise, §§ 6.02, 6.04 and 6.05 (1958). As above stated, we do not construe the "public hearing" required by § 12–14–6, supra, as an adjudicatory or trial-type hearing. Thus, the holdings in the cases of Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1936), Alabama Power Company v. City of Fort Payne, 237 Ala. 459, 187 So. 632, 123 A.L.R. 1337 (1939), and other cases relied upon by appellants, for support of their position that a "public hearing" before an administrative board is a judicial hearing, are not applicable.

■ No requirement is made or contemplated by the Air Quality Control Act that issues of fact be defined, evidence be presented on these issues, and findings of fact, supported by substantial evidence, be made by the board as the basis for every regulation adopted. "Any person who is or may be affected by a regulation adopted by the board may appeal to the court of appeals for further relief. * * *", and this right is not dependent upon his having raised issues and presented evidence thereon at the hearing, or even upon his participation in the hearing.

■ The fact that the regulations as adopted vary in some particulars from the proposed regulations does not mean a public hearing was not conducted as prescribed by the Air Quality Control Act. The provisions of the Act in regard to a public hearing do not contemplate that every change in proposed regulations, whether such change be inconsequential or substantial, requires another public hearing thereon. To so require would make the adoption of adequate regulations almost impossible, and would discourage consideration by a board of the views, data, testimony and arguments presented at the public hearing.

We find appellants' first point to be without merit. Appellants' second, third and fourth points all relate to the question of whether the regulations as adopted must be supported by *substantial evidence*, as that term is understood and applied in *trial type* or *adjudicatory* proceedings.

The contention under Point 2 is that there was no public hearing, and the individual regulations as adopted are not supported by substantial or competent evidence. Therefore, the board's adoption of the regulations in their final form was an arbitrary and capricious act. We have already concluded that a public hearing was conducted, and the making of findings, as ordinarily required in adjudicatory proceedings, are not required of a board in adopting regulations.

The question then is whether a regulation must be supported by *substantial evidence* adduced at the public hearing. For support of their position, appellants rely upon the language of § 12–14–5, supra, and the cases of Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967), McWood Corporation v. State Corporation Commission, 78 N.M. 319, 431 P.2d 52 (1967), and Ferguson-Steere Motor Company v. State Corporation Commission, 63 N.M. 137, 314 P.2d 894 (1957).

The Hardin case is concerned with a judicial review of an "order" of the Tax Commission, pursuant to the provisions of § 72–6–13.8, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, 1961). The McWood and Ferguson-Steere cases are concerned with judicial reviews of "orders" of the Corporation Commission, pursuant to the provisions of § 64–27–68, N.M.S.A.1953, (Repl. Vol. 9, pt. 2, 1960). The order in each case was entered in an *adjudicatory* proceeding. Thus, the holdings in these cases are not applicable to *rule* or *regulation* making hearings or proceedings. Certainly, they are not applicable to the *regulation-making* powers of a board acting under the Air Quality Control Act. As to the differences between the *rule* or *regulation-making* process and the *adjudicatory* process, see 1 Davis, Administrative Law Treatise, § 5.01 (1958).

We are of the opinion that regulations adopted by a board, after substantial compliance with the public hearing requirements, need not be supported by substantial evidence in every material portion thereof, as stated in the opinions in the cases relied upon by appellants. The statutes require that " * * * the board shall allow all interested persons reasonable opportunity to submit data, views or arguments orally or in writing and to examine witnesses testifying at the hearing. * * * " [§ 12–14–6, supra], and

" * * * In making its regulations, the board shall give weight it deems appropriate to all facts and circumstances, including but not limited to:

"(a) character and degree of injury to or interference with health, welfare and property;

"(b) the public interest, including social and economic value of the sources of air contaminants;

"(c) technical practicability and economic reasonableness of reducing or eliminating air contaminants from the sources involved and previous experience with equipment and methods available to control the air contaminants involved;" [§ 12–14–5, supra]

Had the Legislature contemplated that regulations adopted by a board must be supported by substantial evidence adduced at the public hearing, it could easily have so stated. In enacting our Air Quality Control Act, which was House Bill 202, the Legislature deleted from § 8 thereof, which now appears as § 12–14–7, supra, as finally enacted, the following language: "but only to the same extent and upon the same theory as was asserted in the hearing before the board," and substituted for "not supported by substantial evidence in the record," the language now appearing in § 12–14–7, supra, and which is: "not reasonably related to the prevention or abatement of air pollution."

These deliberate legislative changes indicate that an *adjudicatory* or *trial-type* hearing was not contemplated, and that the validity of a regulation is not dependent upon support by *substantial evidence* adduced at the hearing. Compare State ex rel. Hughes v. Cleveland, 47 N.M. 230, 141 P.2d 192 (1943), wherein it was held that the legislative history of a statute may be considered in determining legislative intent.

Appellants argue that because the regulations do not purport to control pollution by automobiles, trucks, buses, trains and aircraft, which "are responsible for about 95% of the total man-made pollution load on the atmosphere of Bernalillo County * * * ", the actions of the board, in adopting regulations applicable to only 5%

of the man-made pollution, were arbitrary and capricious.

To draft, and particularly to enforce, regulations for the control of emissions from these highly mobile vehicles on a single county-wide basis, would be extremely difficult. The making of regulations relative to the control of emissions from these vehicles belongs to an agency with far greater geographic jurisdiction than that of a single county. The control thereof should be left very largely, if not entirely, to the state and federal governments. The federal government has, for the most part, pre-empted the field of control of air pollution from motor vehicles. 42 U.S.C.A. § 1857f–6a. It appears to be headed in the same direction as to air pollution by aircraft. 42 U.S.C.A. § 1857f–6d (b).

In any event, the board is empowered to prevent and abate air pollution in Bernalillo County, and it cannot reasonably be expected to accomplish these objectives in all areas at one time by one set of regulations. Under the circumstances, and considering the relative infancy of extensive governmental controls in the area of air pollution, and particularly so in New Mexico, we cannot say the appellee acted arbitrarily and capriciously in not including regulations for the control of emissions from automobiles, trucks, buses, trains, and aircraft.

Under their third point, appellants contend that the decision in Continental Oil Company v. Oil Conservation Commission, 70 N.M. 310, 373 P.2d 809 (1962), requires basic findings by the board as support for the regulations adopted.

That case, as stated in the first sentence of the opinion, involved the affirmance by the district court of a "contested order" by the Oil Conservation Commission. What was said in that opinion in concluding the order to be void is not controlling on the question of the validity of the regulations now being considered by us.

We have already stated that regulations do not require findings of fact based upon substantial evidence adduced at the public hearing, and we find no reason to require the recitation in a resolution adopting regulations of all the basic facts upon which the regulations are predicated. Compare City of Santa Fe v. Gamble-Skogmo, Inc., supra; Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41 (1941).

It is suggested that appellee may lack jurisdiction to adopt regulations until the state board has adopted regulations. This suggestion is based on the following language in § 12–14–4, N.M.S.A.1953 (Repl. Vol. 3, 1968):

"* * * Regulations relating to human health adopted pursuant to the ordinance [an ordinance by which a municipality or Class A County provides for air quality control and creates an air quality control board to administer and enforce the provisions of the Air Quality Control Act] shall provide for standards not lower than those required by regulations adopted by the state board of public health [now succeeded by the Health and Social Services Board of New Mexico]."

We are unable to read into this language any required sequence of adoption of regulations. It is obvious that the regulations relating to human health adopted by a local board need not be identical with those adopted by the state board. The only requirement is that they be "not lower." If the state board subsequently adopts regulations relating to human health which require standards higher than those adopted by a local board, the local board's regulations would become invalid. However, this result can attain at any time the state board should adopt new regulations relating to human health which increases the standards over those embodied in its prior regulations. There is nothing inconsistent about an agency of the state and a local government agency adopting laws or regulations covering the same subject matter. Compare Mares v. Kool, 51 N.M. 36, 177 P.2d 532 (1946); City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141 (1931).

Appellants' fourth point is that there is no substantial evidence in the record made at the public hearing supporting a reasonable relationship between the individual regulations and the prevention or abatement of air pollution, as required in § 12–14–7(C) supra.

We have examined the voluminous record in its entirety and find the regulations as adopted to be reasonably related to the prevention or abatement of air pollution. To avoid any misunderstanding as to our position concerning the support a record must give to our finding in this regard, we do not understand that the law requires our finding to be supported by "substantial" or "competent" evidence, as these terms are understood in the law applicable to trials and adjudicatory proceedings. A great portion of the record would fail to meet these requirements, but the record does contain the matters the board is required by § 12–14–6, supra, to include therein.

Appellants also urge that § 6 of the regulations violates the intent of § 12–14–5(B) (1) and (6), N.M.S.A.1953 (Repl. Vol. 3, 1968). Section 6 of the regulations provides:

"Plan documents shall be filed with the Board 30 days prior to the commencement of installation, construction, reconstruction or alteration of air pollution control devices or apparatus at the site of use. This requirement shall not apply to self-propelled equipment.

"The requirement of filing with the Board is satisfied if the required plan documents are submitted to the established city, county or state office responsible for the issuance of construction permits."

The pertinent portions of § 12–14–5(B) (1) and (6), supra, are as follows:

"* * * Regulations shall not specify the method to be used to prevent or abate air pollution.

"* * * * * *
"The board may:

"(6) Consult, upon request, with any person proposing to construct, install or otherwise acquire an air contaminant source or device or system for the control thereof, concerning the efficiency of the device or system, or the air pollution problem which may be related to the source, device or system. Nothing in any such consultation relieves any person from compliance with Air Quality Control Act, regulations in force pursuant thereto, or any other provision of law;"

Nothing stated in the regulation can properly be construed as specifying the method to be used to prevent or abate air pollution. The fact that the board may consult with a person upon request, negatives neither the fact that the board may initiate a consultation, nor the fact that plan documents may be very helpful to the board in preventing or abating air pollution. The board's function is to prevent and abate air pollution within the framework of the powers granted it by the Legislature, and an opportunity to review and study plan documents of proposed installations, constructions, reconstructions or alterations of air pollution control devices or apparatus unquestionably would be helpful in the accomplishment of this function.

Appellants have failed to convince us that the regulations should be set aside for any of the reasons recited in § 12–14–7, supra.

It follows from what has been said that both the motion to dismiss the appeal and the appeal to set aside the regulations should be denied.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.