No. 35,328

CHARLES I. MCHENRY, *Appellant*, v. MALCOLM S. SMITH et al., *Appellees*.

(119 P. 2d 493)

Opinion filed December 6, 1941.

C. J. Evans, of Topeka, and M. A. Bender, of Holton, for the appellant.

B. J. Lempenau, of Topeka, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This is an action in ejectment to recover possession of certain lots in Topeka. From a judgment in favor of defendant plaintiff appeals.

This is the fourth lawsuit between the parties involving the property and the second to reach this court.

Charles I. McHenry, plaintiff and appellant, is the father of C. J. McHenry hereinafter mentioned.

The first case was an action brought by Smith against the McHenrys, doing business as McHenry and Son, to foreclose a chattel mortgage on a house which had been moved onto two of the lots in question. This was case No. 53,328, and Smith recovered judgment for possession of the house.

In the second action C. J. McHenry, the son, brought an action against Smith to quiet title to the lots involved in the present action. This was case No. 54,110, and the judgment recites:

"It is therefore ordered, adjudged and decreed, by the court, that should the plaintiff, C. J. McHenry, fail to pay all sums of money, including principal and interest due the defendant, Malcolm S. Smith, as above found and ordered due and payable within ninety days from this date, and comply with all of the terms and conditions of said contracts, or either of them, then it is ordered, adjudged and decreed, by the court, that the contracts set out in the defendant Malcolm S. Smith's cross petition, as exhibits 'A' and 'C' be, and the same are hereby forfeited and canceled and that the plaintiff be and he is hereby forever barred and foreclosed from having, claiming or asserting any right, title or interest in or to the real estate involved in this action, and described in plaintiff's petition, or any part thereof."

There was no appeal from this judgment. As it is not claimed that the payments were made within the time specified the judgment in favor of Smith cannot now be questioned.

In the third action, No. 54,995, Charles I. McHenry, the father, brought an action to foreclose mechanics' liens on the property. From an adverse judgment the plaintiff appealed. The judgment was affirmed by this court. See *McHenry v. McHenry*, 150 Kan. 498, 95 P. 2d 261, where the facts are set forth at length.

Thereupon the present action in ejectment was brought. In rendering judgment for the defendant, the trial court submitted a written opinion, which we quote:

"There has been introduced in evidence in this case the findings of fact and conclusions of law made by Judge Kline in the case of *Charles I. McHenry v. C. J. McHenry et al.*, No. 54,995. These findings of fact and conclusions of law were made by Judge Kline as a result of the issues joined in that case as disclosed by the pleadings, and this court must, in order to determine the demurrer to plaintiff's evidence and the motion for judgment in favor of the defendant Malcolm S. Smith, consider the issues as joined by the plaintiff's petition, the answer and cross petition of C. J. McHenry, a defendant, and the answer of Malcolm S. Smith, a defendant, as the same appear and are of record in case No. 54,995.

"Plaintiff's petition in case No. 54,995, beginning at the top of page 3 thereof, contains the following allegations:

" 'Plaintiff further says that defendants C. J. McHenry, Charles Franklin Powell, Lizzie Edith Powell, his wife, and Malcolm S. Smith claim some right, title and interest in and to said real estate involved herein, and plaintiff asks that they and each of said defendants be required to set up whatever rights, title or interest they may claim in said property.'

"To this petition, the defendant Malcolm S. Smith filed his answer, in which there was a general denial of all the allegations contained in the plaintiff's petition except the admission of the residence of the plaintiff and the defendants as set forth in the petition. Thereafter, Malcolm S. Smith in his answer set up additional facts with respect to other cases under which it was claimed that plaintiff in case No. 54,995 should be barred from recovery, and on the last page of the answer there appears the following:

" 'That by reason of the facts hereinbefore alleged, said plaintiff is estopped and barred from claiming or asserting any lien or interest in the real estate in this action, and that said defendant Malcolm S. Smith's title in and to said real estate should be quieted as against said plaintiff.'

"To plaintiff's petition there was also filed the answer and cross petition of the defendant C. J. McHenry, the son, setting up among other things a cause of action for damages against his co-defendant Smith and denying that there was any partnership agreement of any kind or character existing between him and his father.

"To this answer and cross petition the defendant Smith in case No. 54,995

filed a reply, denying generally the answer, except certain paragraphs which are not material here, and praying that the son take nothing by reason of his answer and cross petition.

"As far as the record discloses in case No. 54,995, Judge Kline tried all the issues raised by the pleadings, and as a conclusion of law (No. 2) adjudged that the defendant Malcolm S. Smith was entitled to recover his costs therein upon the two causes of action set forth in the plaintiff's petition and also upon the issues joined by his co-defendant C. J. McHenry in his cross petition.

"This was a general finding in favor of Malcolm S. Smith upon the issues raised by the pleadings.

"Finding of fact No. 16 in case No. 54,995 is the finding of fact upon which plaintiff's case is based in this present suit. Plaintiff contends that this is a general finding that Charles I. McHenry is the real owner of the property as against Malcolm S. Smith. It is the conclusion of this court that finding of fact No. 16 merely adjudicated the claim of ownership in this property as between the plaintiff, Charles I. McHenry, and the defendant C. J. McHenry, and that the court did not attempt by that finding alone to find that Charles I. McHenry was the owner of the property as against the defendant Malcolm S. Smith. If so, the finding would be inconsistent with conclusion No. 2, which was a general conclusion upon the issues raised by the pleadings in favor of defendant Malcolm S. Smith.

"The court must, therefore, conclude that defendant's demurrer to plaintiff's evidence must be sustained. Judgment is, therefore, rendered in favor of the defendants in this action."

As above stated, case No. 54,995 was an action to foreclose mechanics' liens. The court made findings of fact and returned conclusions of law. We quote conclusions 2 and 3 as found by the court:

## II

"That the defendant, Malcolm S. Smith, is entitled to recover his costs herein upon the two causes of action set forth in the plaintiff's petition, and also upon the issues joined by his co-defendant, C. J. McHenry, in his cross petition.

## III

"Upon the issues raised between the plaintiff, C. I. McHenry, and the defendant, C. J. McHenry, as to a claim for an aggregate of $7,375 upon the alleged contracts which are the basis of the mechanics' liens filed herein; the plaintiff is not entitled to recover therefor, notwithstanding the admission of such liability on the part of the defendant, C. J. McHenry, in his answer filed herein."

It is clear, therefore, that the findings of fact made by the court that Charles I. McHenry was the owner of the property meant that under the issues he was the owner of the property as against C. J. McHenry.

Such construction should be given to a judgment as will give force

and effect to every word of it, if possible, and make it as a whole consistent, effective and reasonable. (*Sharp v. McComb,* 79 Kan. 772, 101 Pac. 659; 30 Am. Jur. Judgments, § 31.)

The contention of plaintiff, if sustained, would nullify and set aside the judgment in favor of Smith. The contention is without merit.

The judgment is affirmed.