No. 43,743

DICKIE CALLAHAN, *Appellant,* v. MARTIN K. EBY CONSTRUCTION CO., INC., AMERICAN EMPLOYERS INSURANCE CO., *Appellees.*

(391 P. 2d 315)

Opinion filed April 11, 1964.

*Donald C. Vosburgh,* of Fredonia, argued the case, and *Rex A. Lafferty,* of Fredonia, was with him on the briefs for the appellant.

*John F. O'Brien,* of Independence, argued the cause, and *John P. Quinlan,* of Independence, was with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is a workmen's compensation case. Claimant (appellant) Dickie Callahan, a 17-year-old youth, while employed by respondent (appellee) Martin K. Eby Construction Co., Inc. in connection with the work of putting up hay on a ranch owned by respondent, sustained an injury to his right eye resulting in industrial blindness.

The facts are as follows: During the day in question the hay baler broke down causing a stoppage in the work of the claimant and the other employees. Oracle Collins, respondent's foreman, sent word to

claimant and the other workmen that they could "knock off" work. Claimant, with two other employees, went to the house on the farm where they had slept the night before. While there, claimant went into a closet-type room adjacent to the sleeping room and found an aerosol-type can sitting on a shelf. Curious about what it contained, the claimant endeavored to open the can and in so doing sprayed some of the contents into his right eye. The can contained rust remover for use in laundering.

On review of the entire evidence the trial court found claimant's injury did not arise out of and in the course of his employment and entered judgment for respondent, from which claimant appeals.

The question of whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when determined by the district court will not be disturbed by this court where there is substantial evidence to sustain it. (*Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 185, 334 P. 2d 370; *Kafka v. Edwards*, 182 Kan. 568, 322 P. 2d 785, and cases cited therein.)

Under G. S. 1961 Supp., 44-556, the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only. In doing so, it is necessary to determine whether the record contains any evidence which tends to support the judgment rendered, and in so considering, this court is required to review all testimony in the light most favorable to the prevailing party below. If, when so considered, the record contains any evidence which supports the trial court's judgment, that judgment must be affirmed, this court being conscious at all times of the fact that we have little concern with disputed questions of fact in ordinary lawsuits and none whatever in compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence justifies the trial court's finding or conclusion of fact. (*Allen v. Goodyear Tire & Rubber Co.*, supra; *Rothman v. Globe Construction Co.*, 171 Kan. 572, 235 P. 2d 981; *Silvers v. Wakefield*, 176 Kan. 259, 270 P. 2d 259; *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 325 P. 2d 59; *Burton v. Western Iron and Foundry Co.*, 173 Kan. 506, 249 P. 2d 688.)

In view of what has been said, no useful purpose would be gained in narrating the evidence taken in the case. Suffice it to say, after a careful examination of the record we are convinced it discloses sufficient competent evidence on which the trial court, as was its province, could make such finding. Under the many decisions of this

court such finding cannot be disturbed and compels an affirmance of the judgment. This, we may add, must be our conclusion under the established law of this jurisdiction even though, as claimant contends, there is evidence in the record, which, if the trial court had seen fit to give it credence, might have supported a finding to the contrary.

The judgment is affirmed and costs are taxed to the respondent.

JACKSON and FONTRON, JJ., not participating.