No. 44,568

LOTTIE M. CARTER, *Appellant*, v. ALPHA KAPPA LAMBDA FRATERNITY, INC. (IOTA OF ALPHA KAPPA LAMBA ALUMNI, INC.) and TRAVELERS INSURANCE COMPANY, *Appellees.*

(417 P. 2d 137)

Opinion filed July 14, 1966.

C. K. Sayler, of Topeka, argued the cause, and *Richard C. Wells*, of Manhattan, and *Edwin D. Smith*, of Topeka were with him on the brief for the appellant.

*Roscoe E. Long*, of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., William G. Haynes, Peter F. Caldwell, R. Austin Nothern*, and *Brock R. Snyder*, all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

HARMAN, C.: In this workmen's compensation case recovery was denied claimant by the examiner for the workmen's compensation director, by the director, and upon appeal by the district court for the reason that the alleged accidental injury did not arise out of and in the course of her employment, and she appeals to this court.

There was but slight conflict in the evidence. Where conflict does exist, upon review the evidence must be considered in the light most favorable to the prevailing party in the court below (*Callahan v. Eby Construction Co.*, 192 Kan. 814, 391 P. 2d 315) and the essential facts may therefore be summarized as follows: Claimant, a cook in the employ of respondent fraternity, while on duty as such prior to the incident in question had participated in horseplay among the houseboys who also worked in the kitchen with claimant. This horseplay had consisted of, among other things, tossing water upon one another. Upon the evening of the incident in question one of the houseboys, one Cole, had thrown a piece of bread at claimant and hit her in the back of the neck. Cole told her that another houseboy, John Hamilton, had thrown the bread, whereupon

claimant and Hamilton had some conversation and then claimant and Hamilton tossed some water upon each other. This episode ended without any untoward consequences and Hamilton went on with his work in the dining room preparing the tables for dinner. Some fifteen or twenty minutes later Hamilton returned to the kitchen. Claimant drew a large can of hot water from the faucet and put it on the stove. She called Hamilton to her and threatened to pour the water on him. Hamilton told her not to throw the water upon him, but she attempted to do so. As found by the examiner, Hamilton struck her, causing her to fall to the floor and sustain the injury of which she complains. Evidence on behalf of the respondent indicated that Hamilton had a good reputation, that he was not considered a troublemaker, that he had never had any trouble with claimant, and that he was generally considered cooperative, helpful and dependable.

The examiner in concluding that the alleged injury did not arise out of and in the course of the employment found that a blow from Hamilton caused the claimant to fall and

". . . that the injury caused by the fellow employee, John B. Hamilton, was unexpected, that the Respondent had no reason to believe that the Claimant would be subjected to an assault, nor had any reason to believe that John B. Hamilton was a turbulent or violent character. On the other hand, it appears that the Claimant participated in the horseplay and in fact was the aggressor and brought about the assault . . .,"

and he denied award of compensation. These findings were later approved and adopted by the director and the trial court.

The workmen's compensation act covers only accidental injury "arising out of and in the course of employment . . ." (K. S. A. 44-501).

Claimant would have us treat this case merely as one of horseplay and apply the rule that the participant in so-called horseplay may recover compensation for his injury as a result of his own horseplay where the horseplay has become a regular incident of the employment, and indeed this court has so held. In *Thomas v. Manufacturing Co.*, 104 Kan. 432, 179 Pac. 372, recovery of compensation was permitted a seventeen year old girl who was injured during the noon hour by falling from a small truck upon which she and other girls were riding for amusement, and which they had been in the habit of so using to the knowledge and without the objection of the employer.

Unfortunately for claimant we have here a different situation,

and the test of whether or not an incident arose out of and in the course of the employment must depend in each case on its own peculiar facts. It was specifically found here by the trier of the fact that previous horseplay had concluded and that any injury was the result of an assault by a fellow employee. An assault is properly distinguishable from a playful sportive act of horseplay or frivolity. The rule in Kansas is well established that if an employee is intentionally injured by another employee, he cannot recover compensation unless the wrongful conduct has become habitual and the habit known to the employer. In *Hallett v. McDowell & Sons,* 186 Kan. 813, 352 P. 2d 946, this comment on several Kansas cases therein cited is made:

"Suffice it to say running through all of them is the rule that if an employee is assaulted by a fellow workman, whether in anger or in play, an injury so sustained does not arise 'out of the employment' and the employee is not entitled to compensation unless the employer had reason to anticipate that injury would result if the two continued to work together." (p. 817.)

The question of whether there has been an accidental injury arising out of and in the course of the employment is a question of fact and when determined by the district court the finding will not be disturbed by this court where there is substantial evidence to sustain it (*Atwell v. Maxwell Bridge Co.,* 196 Kan. 219, 409 P. 2d 994).

The findings of the district court to the effect that there was an assault upon claimant, that it was unexpected and that respondent had no reason to believe she would be subject to such an assault, and the consequent conclusion that the injury did not arise out of the employment were fully supported by the evidence. The fact that claimant may have provoked the assault certainly cannot add to her cause.

The judgment of the trial court is affirmed.

APPROVED BY THE COURT.