No. 46,777

Joseph L. Davis, *Appellant*, v. Rock Island Oil Company and Royal Indemnity Company, *Appellees*.

(505 P. 2d 694)

Opinion filed January 20, 1973.

*Lee Turner* and *Thomas C. Kelley* of Turner & Balloun, Chartered, of Great Bend, were on the brief for the appellant.

*Tudor Hampton* and *Thomas J. Berscheidt* of Hampton & Ward, of Great Bend, were on the brief for the appellees.

*Per Curiam:* This is an appeal in a workmen's compensation case. The district court reversed the award entered in favor of the claimant-appellant by the examiner, which was affirmed by the director, and entered judgment in favor of the employer and its insurance carrier, the appellees. In so doing, the court made a finding that the claimant did not sustain personal injury by accident arising out of and in the course of his employment.

Whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and the district court's determination will not be disturbed by this court when there is substantial competent evidence to sustain it. (*Callahan v. Eby Construction Co.*, 192 Kan. 814, 391 P. 2d 315; *Jacobs v. Goodyear Tire & Rubber Co.*, 196 Kan. 613, 412 P. 2d 986.) Further, this court will seldom set aside a negative finding of a district court if the evidence is limited in quantity and its weight and credibility may be questionable, or if the evidence may be disregarded for any reason. (*Schmidt v. Jensen Motors, Inc.*, 208 Kan. 182, 490 P. 2d 383; *Harrell v. J. S. Frank Construction Co.*, 210 Kan. 548, 502 P. 2d 762.)

Although the evidence was conflicting on the question whether appellant sustained personal injury by accident arising out of and in the course of his employment, we conclude there is ample substantial competent evidence in the record to sustain the district court's judgment.

The judgment is affirmed.