No. 47,074

RICHARD LEE MEYERSICK, *Appellant,* v. RODNEY MILLING COMPANY and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, *Appellees.*

(518 P. 2d 898)

Opinion filed January 26, 1974.

*L. J. Grant,* of Topeka, argued the cause and was on the brief for the appellant.

*James C. Wright,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from the district court's order sustaining the order of the Director of Workmen's Compensation denying claimant, Richard Lee Meyersick, an award for injuries allegedly sustained while employed by respondent, Rodney Milling Company.

Claimant was employed for fifteen and one-half months by respondent as an oiler. His duties as an oiler required bending, stooping, crawling and stretching to oil the five hundred or more bearings on milling equipment twice daily. On March 28, 1970, he and three fellow employees were required to load a boxcar with sacks of flour weighing from forty to one hundred pounds. Claimant testified that as a result, his back, left arm, shoulders and left knee became so inflamed and swollen that he reported his condition to his foreman and had to leave work early that day. He testified that by April 4, 1970, his condition had become so impaired the foreman advised him to find less strenuous work and shortly thereafter claimant was terminated.

The foreman testified he remembered no such report of injury by claimant on the day in question and further testified that claimant

often suffered from an arthritic condition while performing his assigned duties as oiler, and his absenteeism made him unreliable as an employee. Claimant passed his pre-employment physical but admitted he had been given a medical discharge from the service after spending several months in a military hospital for his arthritic condition. He based his workmen's compensation claim on the theory that the incident of March 28, 1970, either caused permanent injury to his back or aggravated a pre-existing condition.

Frank R. Williams, M. D., claimant's attending physician, testified claimant had arthritic changes, but these would not be permanently affected by any lifting episode. He also stated that from the history claimant gave him he concluded there was no injury significant enough to influence the progression of claimant's arthritic changes.

The Examiner found claimant suffered and will continue to have pain and disability from a progressively worsening arthritic condition which is aggravated by exertion, weather conditions, and psychiatric trauma. The Examiner further found the evidence did not justify a conclusion that his arthritis attack of early April, 1970, was caused by loading sacks of flour on March 28, and denied him any compensation. The Director sustained the Examiner and claimant appealed.

On appeal to the district court, claimant argued for the first time that the special examiner, Thomas E. Wright, had no authority to issue the award because he had not been properly appointed by the Director. Thomas E. Wright was the duly appointed Workmen's Compensation Examiner for the Topeka area at the time he heard claimant's case, but retired from that position shortly before he issued the decision denying claimant an award. At the time the award was denied he was acting as a special examiner at the request and upon appointment by the Director. Claimant contends Wright's appointment was improper because there was no preliminary finding of an emergency by the Director, and such a finding is required by K. S. A. 44-551, which provides in part:

"In case of emergency the director may appoint special local examiners and assign to them the examination and hearing of any designated case or cases. Such examiners shall, as to all cases assigned to them, exercise the same powers as the seven (7) regular examiners herein provided for. . . ."

In order to sustain claimant's argument we would be required to conclude the Director must make a written finding that an emergency existed before appointing a special examiner. To do

so would require a conclusion that the finding of an emergency was a mandatory provision of the statute. We believe this is an unreasonable construction. Turning to our opinions for aid, we find the following statement in *Shriver v. Board of County Commissioners*, 189 Kan. 548, 370 P. 2d 124:

". . . Generally speaking, statutory provisions directing the mode of proceeding by public officers and intended to secure order, system and dispatch in proceedings, and by a disregard of which the rights of parties cannot be injuriously affected, are not regarded as mandatory, unless accompanied by negative words importing that the acts required shall not be done in any other manner or time than that designated. . . ." (p. 556.)

The statutory power to appoint special examiners is not accompanied by negative words stating the appointment cannot be made in any other manner. We hold the power to appoint exists and the emergency provision is directory only. Administrative officers are presumed to have acted fairly, reasonably, and impartially in carrying out their statutory duties. (*Sutherland v. Ferguson*, 194 Kan. 35, 397 P. 2d 335.) The Director of Workmen's Compensation is entitled to this presumption. So applied, the act of the Director in appointing the special examiner carried a presumption that the Director found an emergency existed. In the absence of any showing to the contrary we conclude the acts of the special examiner were valid and binding and no prejudicial error was shown by claimant as a result of the appointment.

Claimant further contends the trial court erred in its findings and conclusions because it adopted those of a special examiner which were not supported by substantial competent evidence. In reviewing a workmen's compensation award the trial court makes its own findings and conclusions from the record on appeal. They are independent of those of the Examiner and the Director, even though they may be couched in the same words. If the record contains any evidence which supports the trial court's judgment, the judgment must be affirmed. This court is conscious at all times of its appellate role. We have no concern with disputed questions of fact in compensation cases except to ascertain whether the record contains any evidence which, on any theory of credence, justifies the trial court's findings.

We have carefully examined the record and are convinced it discloses sufficient competent evidence on which the trial court could make such findings. In these circumstances we are compelled to affirm the judgment.