(678 P.2d 178)

No. 55,45█

RON G. HARRIS, *Appellee*, v. CESSNA AIRCRAFT COMPANY and HART-
FORD ACCIDENT & INDEMNITY COMPANY, *Appellees* and *Cross-
Appellants*, and KANSAS WORKERS' COMPENSATION FUND, *Appel-
lant.*

Opinion filed February 9, 1984.█

*Steven L. Foulston,* of Wichita, for appellant.

*Tom E. Hammond* and *James B. Zongker,* of Render & Kamas, of Wichita, for appellee.

*Randall E. Fisher,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, for appellees and cross-appellants.

Before MEYER, P.J., ABBOTT and SWINEHART, JJ.

ABBOTT, J.: This is an appeal by the Kansas Workers' Compensation Fund (Fund) from a judgment against it in a workers' compensation case.

Two issues are raised on appeal. The Fund argues that the trial judge erred in finding the injury would not have occurred "but for" the worker's preexisting condition and in awarding a 15 percent permanent partial bodily disability.

Both of the issues are factual. *Buck v. Beech Aircraft Corporation,* 215 Kan. 157, 523 P.2d 697 (1974); *Meyersick v. Rodney Milling Co.,* 213 Kan. 678, 518 P.2d 398 (1974). If this court finds there is substantial competent evidence to support the finding of the trial court, the judgment will not be disturbed on appeal. *Day and Zimmerman, Inc. v. George,* 218 Kan. 189, 542 P.2d 313 (1975); *Boyd v. Yellow Freight Systems, Inc.,* 214 Kan. 797, 522 P.2d 395 (1974). Such evidence is defined as that which is

relevant and which carries enough weight to allow one to conclude that the judgment is proper. *Hardman v. City of Iola,* 219 Kan. 840, 549 P.2d 1013 (1976). In determining whether the evidence is substantial and competent, the record is viewed in a light most favorable to the prevailing party. *Makalous v. Kansas State Highway Commission,* 222 Kan. 477, 565 P.2d 254 (1977); *Anderson v. Kinsley Sand & Gravel, Inc.,* 221 Kan. 191, 558 P.2d 146 (1976). If the evidence is substantial and competent, the ruling will be upheld even if there is evidence of record which supports contrary findings. *Phillips v. Helm's Inc.,* 201 Kan. 69, 439 P.2d 119 (1968). The negative findings of a trial court will seldom be set aside if the evidence is limited in quantity and its weight and credibility may be questionable, or if the evidence may be disregarded for any reason. *Davis v. Rock Island Oil Co.,* 211 Kan. 201, 505 P.2d 694 (1973); *Harrell v. J. S. Frank Construction Co.,* 210 Kan. 548, 502 P.2d 762 (1972).

Claimant had a congenital defect in his low back. The record contains substantial competent evidence that claimant suffered pain and at least temporary disability on the date alleged. Dr. Schlachter testified the preexisting congenital weakness predisposed him to have back injuries more easily than a person with a normal back. We conclude the record supports the finding that "but for" the preexisting condition the injury and any and all disability resulting therefrom probably or most likely would not have occurred, and it was proper to enter the entire award against the Fund. K.S.A. 44-567(a)(1); *Barke v. Archer Daniels Midland Co.,* 223 Kan. 313, 318, 573 P.2d 1025 (1978).

The second issue is difficult because of the trial court's findings and conclusions. The administrative law judge and director held there was a minimal increase in claimant's permanent functional disability based on testimony other than that of claimant. As we view the record in the manner directed by the legislature and case law, we have no difficulty concluding it contains evidence from which the trial court could award claimant a 15 percent permanent partial disability, which the trial court did.

The record could also support a finding that the claimant was only temporarily incapacitated, has fully recovered and has no additional permanent disability; that the restrictions placed on claimant's activities were to avoid any future flareups of the condition, not because of the compensable accident. Simply

stated, if the compensable injury has completely subsided, and the injury no longer combines with the preexisting condition to produce at least some disability, the injured worker would not be entitled to an award for permanent partial disability.

Here the trial judge adopted the findings of the administrative law judge and the director not inconsistent with his specific findings. One of the findings made by the trial judge is:

"That claimant did sustain an injury on the date alleged while working for respondent; however, the claimant did not sustain any additional permanent disability as a result of the injury over and above that disability which he already had prior to the time he went to work for the respondent; claimant's injury was only an aggravation of his pre-existing back condition and the injury did not increase in any way claimant's permanent disability."

In determining the proper construction to be given a judgment, the entire wording should be considered and given effect, if possible, to make the judgment reasonable, consistent, and effective as a whole. *Hensley v. Board of Education of Unified School District,* 210 Kan. 858, Syl. ¶ 2, 504 P.2d 184 (1972); *McHenry v. Smith,* 154 Kan. 528, 119 P.2d 493 (1941). A judgment susceptible to different interpretations should be construed with reference to the pleadings and evidence. *Clay v. Hildebrand Bros. & Jones,* 34 Kan. 694, 9 Pac. 466 (1886).

Our problem is simply that the trial court's finding could be construed so as to make claimant ineligible for a permanent partial disability award, which is totally inconsistent with a 15 percent partial disability award. The finding, when liberally construed and particularly when construed to make the judgment consistent, reasonable and effective as a whole, could mean that the claimant had no "additional" permanent disability attributable solely to the compensable injury; but that without the accident's superimposing a sprain on the claimant's preexisting condition, he would not have a 15 percent disability at the present time. If the second accident aggravated the preexisting condition, and that aggravation coupled with the preexisting condition resulted in a 15 percent disability, the injury is compensable. When a worker with a preexisting condition is accepted for employment and a subsequent industrial injury *aggravates, accelerates or intensifies* his condition, resulting in disability, he is entitled to be fully compensated for the resultant disability. *Claphan v. Great Bend Manor,* 5 Kan. App. 2d 47, 49, 611 P.2d 180, *rev. denied* 228 Kan. 806 (1980); *Demars v. Rickel*

*Manufacturing Corporation,* 223 Kan. 374, 573 P.2d 1036 (1978); *Chinn v. Gay & Taylor, Inc.,* 219 Kan. 196, 547 P.2d 751 (1976).

The judgment is vacated and the case remanded to the trial court to make additional findings of fact that will either clarify the justification for the award made or will support denial of compensation for a permanent partial disability.