(720 P.2d 1125)

No. 57,980

Marvin G. Whitham, *Claimant-Appellee,* v. Mary Anne Parris, *Respondent-Appellee,* and Kansas Workers' Compensation Fund, *Appellant.*

Opinion filed June 19, 1986.

*Steven L. Foulston,* of Wichita, for appellant.

*Marvin R. Appling* and *John D. Clark,* of Wichita, for appellee.

Before Briscoe, P.J., Brazil, and Davis, JJ.

Davis, J.: This is an appeal by the Kansas Workers' Compensation Fund (Fund) from the judgment of the district court finding that respondent was not engaged in an agricultural pursuit. K.S.A. 1985 Supp. 44-505(a)(1).

Claimant Marvin Witham was a 30-year-old male hired by respondent Mary Anne Parris in March 1981. Claimant's job was

to train horses. His duties included breaking, feeding and grooming horses; traveling with respondent to horse shows; mending fences; and helping with the general upkeep of the stalls and grounds. At the time of his injury on February 25, 1982, claimant was holding a horse while a veterinarian took a blood sample. Claimant's leg was broken when the horse panicked and kicked him.

Respondent started her business in November 1980, when she purchased twenty acres of ground near Wichita, Kansas. Of the twenty acres, approximately five acres were taken up by corrals, barns and exercise areas. None of the acreage was in cultivation, although respondent had sowed the land with brome seed to use as pasture for the horses. Since there was not enough grass to sustain life, the horses primarily ate feed which was purchased.

Respondent testified that her business consisted of the boarding and training of horses for a fee. She stated that she participated in horse shows all over the country and that the horses she took to shows belonged to other people. She also raised, bred, sold, bought and traded horses as part of her regular business. At the time of claimant's accident, respondent had 45-50 horses on her property, of which she owned less than five percent.

Respondent further testified that she had attempted to breed some sheep, but sold them after several died. Respondent also kept a calf on the land which she butchered and consumed. Respondent had planned to use the sheep for personal consumption.

On January 19, 1984, an award was entered by administrative law judge Steven Howard to the effect that claimant was not entitled to workers' compensation benefits because respondent was engaged in an "agricultural pursuit" pursuant to K.S.A. 44-505(a)(1). On March 29, 1984, the order of the director of Workers' Compensation was filed modifying the administrative law judge's award in holding the claim compensable. The director further found that the Fund was required to pay the award pursuant to K.S.A. 1985 Supp. 44-532a since there was no insurance carrier and respondent was financially unable to pay compensation. On January 29, 1985, the district court upheld the director's order in all respects, finding that respondent was not engaged in an "agricultural pursuit or employment incident

thereto" and awarded claimant benefits to be paid by the Fund. The Workers' Compensation Fund timely appeals.

The sole issue for review is whether the district court erred in finding that respondent was not engaged in an "agricultural pursuit" at the time of claimant's injury. The relevant statute is K.S.A. 1985 Supp. 44-505(a)(1), which provides:

"[T]he workmen's compensation act shall apply to all employments wherein employers employ employees within this state except that such act shall not apply to: (1) Agricultural pursuits and employments incident thereto . . . ."

The issue raised by the Fund is a question of fact and thus the scope of review by the appellate court is to determine whether the district court's judgment is supported by substantial evidence. The evidence is viewed in the light most favorable to the party prevailing below and if there is substantial evidence to support the district court's factual findings, the appellate court has no power to weigh evidence or reverse the final order of the district court. *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 145, 697 P.2d 1300 (1985); *Box v. Cessna Aircraft Co.*, 236 Kan. 237, 241, 689 P.2d 871 (1984); *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 442, 625 P.2d 453 (1981); *Heer v. Hankamer Excavating Co.*, 184 Kan. 186, 187, 334 P.2d 372 (1959); *Harris v. Cessna Aircraft Co.*, 9 Kan. App. 2d 334, 334-35, 678 P.2d 178 (1984). " 'The term "substantial evidence" when applied to workers' compensation cases means evidence that possesses something of substance and relevant consequence or evidence that furnishes a substantial basis of fact from which the issues presented can be reasonably resolved.' " *Crabtree v. Beech Aircraft Corp.*, 229 Kan. at 442.

We have reviewed the facts of this case in accordance with the above standard and conclude that there was substantial evidence to support the district court's findings.

At the same time, we have some difficulty with the trial court's definition of "agricultural pursuit." We note that the Kansas Legislature chose not to enact a statutory definition of "agricultural pursuit," leaving Kansas courts to determine the question on a case by case basis. The definition of the trial court includes the traditional meaning of agriculture and for the purposes of this case its conclusion is well supported.

The 1974 legislative amendments to the Workmen's Compensation Act discarded the traditional hazardous/nonhazardous

distinction used in workers' compensation cases. After 1974, the courts were left without any tangible guidance for determining whether an employer was engaged in an agricultural pursuit. We recognize the need for guidelines in our case by case analysis of whether a specific pursuit is an agricultural pursuit under the provisions of K.S.A. 1985 Supp. 44-505(a)(1).

The Idaho Supreme Court has adopted a framework within which to analyze whether an employer is engaged in an agricultural pursuit. In *Tuma v. Kosterman,* 106 Idaho 728, 730, 682 P.2d 1275 (1984), the court concluded that the trier of fact must look at the following factors in arriving at a determination of whether an employer is engaged in an agricultural pursuit:

"1) 'the general nature of the employer's business';
"2) 'the traditional meaning of agriculture as the term is commonly understood'; and,
"3) 'that each business will be judged on its own unique characteristics.' "

The court, in *Tuma,* adopted the principles of *Lesperance v. Cooper,* 104 Idaho 792, 663 P.2d 1094 (1983).

While these factors in Idaho are used in conjunction with a legislative definition of agricultural pursuit, the factors, without legislative definition, have merit. In this state, where agriculture predominates the economy, an analysis incorporating the traditional meaning of agriculture, together with a general and specific consideration of the pursuit or business questioned, provides the necessary guidelines for a determination on a case by case basis as to whether the pursuit is essentially agricultural under the provisions of K.S.A. 1985 Supp. 44-505(a)(1).

For these reasons, we adopt the three *Tuma* factors recognizing that it is not our function to determine for future cases which arise whether an agricultural pursuit is established. The factors adopted herein offer flexibility and provide a framework for a substantive analysis on a case by case basis whether a specific pursuit is essentially an agricultural pursuit under the provisions of K.S.A. 1985 Supp. 44-505(a)(1).

In applying the first factor to the case at bar, the general nature of respondent's business is boarding and showing other people's horses. Although she did participate in *breeding* horses, which might be considered an agricultural pursuit, it appears that it was limited to providing stud service rather than breeding her own horses to sell to the public.

As to the second factor, the traditional meaning of agriculture would probably not include boarding and showing other people's horses. It does not appear that showing and boarding horses would be typical of an ordinary farmer or in any way related to an agricultural pursuit.

Finally, in examining the unique characteristics of respondent's business, it is apparent that she is involved in a variety of horse-related business activities. Because respondent was primarily involved in a commercial enterprise which entailed providing services for other people's horses, it appears that the work being done by claimant while he was injured (caring for a horse being boarded) is covered under the Workmen's Compensation Act.

Both the Fund and the claimant concede that there are no Kansas cases which directly decide the issue of whether or not boarding and training horses is considered an "agricultural pursuit." The Fund cites several other jurisdictions which have held that boarding horses is an agricultural business, but relies primarily on a Kentucky case in support of its position. In *Fitzpatrick v. Crestfield Farm, Inc.*, 582 S.W. 2d 44 (Ky. App. 1978), the Kentucky court of appeals held that the boarding and training of horses is an activity generally recognized as an agricultural pursuit. The Fund argues that Kansas should adopt this approach and include the training of horses in the definition of agricultural work.

The trial court correctly distinguished the Kentucky case from the case at bar, stating that the Kentucky Legislature specifically included in the definition of agricultural pursuit "the raising of livestock for food products and for racing purposes." 582 S.W.2d at 46. It further stated that the Kansas Legislature did not enact a statutory definition of agricultural pursuits, instead leaving the determination to the courts on a case by case basis. The court also pointed out that horse racing is a part of Kentucky's economy, which is not true in Kansas.

We note that the results from the application of the three factors above and the conclusion of the trial court are consistent with Kansas law dealing with agriculture. K.S.A. 47-1402(c) defines livestock as including horses, but only if "used in and for the preparation of meat or meat products." In addition, K.S.A. 47-1502 provides that the feeding of livestock shall be construed

to be an agricultural pursuit. Since respondent was not going to use the horses for meat, boarding and feeding them would not be considered an agricultural pursuit under Chapter 47.

It is clear that respondent was a business woman and not involved in "agricultural pursuits and employments incident thereto." There was substantial evidence to support the district court's findings. The order of the district court holding the Workers' Compensation Fund liable for claimant's injury is affirmed.