(601 P.2d 695)
No. 50,827

GORDON C. GRIGGS, *Appellee,* v. SEARS, ROEBUCK and COMPANY, *Appellant,* and WORKMEN'S COMPENSATION FUND, *Appellee.*

Opinion filed November 2, 1979.

*Phillip R. Fields* of Gott, Hope, Gott, Young & Saffels, P.A., of Wichita, for the appellant.

*Lee H. Woodard* and *James R. Roth* of Woodard, Blaylock, Hernandez, Pilgreen & Roth, of Wichita, for the appellee Workmen's Compensation Fund.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is a workers' compensation case. The sole issue is whether the Workmen's Compensation Fund was properly dismissed as a party to the proceedings.

Claimant was injured July 25, 1975. Claim for compensation was served on respondent in October, 1975. A full hearing was held before the examiner on December 9, 1976, at which pretrial stipulations were taken, the claimant testified, and various medical records were introduced into evidence. Immediately following the hearing, claimant's attorney furnished a psychiatric report to respondent's attorney which indicated the claim might involve a preexisting emotional or psychiatric problem. The district court specifically found respondent had no actual notice prior to the hearing of December 9 that claimant's injuries might be related to a preexisting psychiatric condition. On December 10, 1976, respondent filed notice impleading the Fund as a party to the proceedings.

On April 7, 1977, a compromise settlement was made between claimant and respondent under which claimant received a lump sum disability payment. The question of whether the Fund could be held responsible for any part of the settlement award was expressly reserved by respondent and the Fund.

The examiner thereafter dismissed respondent's claim for con-

tribution from the Fund. Both the director and the district court affirmed. The court held that the Fund was not a proper party to the proceedings because the respondent failed "to implead the Workers' Compensation Fund prior to the hearing of December 9, 1976, as required by K.S.A. 44-567(*d*) [now K.S.A. 44-567(*c*)] . . . ." Claimant is not a party to this appeal.

K.S.A. 1978 Supp. 44-567(*c*) provides in pertinent part:

"An employer shall not be relieved of liability for compensation awarded nor shall he or she be entitled to an apportionment of the costs thereof as provided in this section, unless the employer shall cause the commissioner of insurance, in his or her capacity as administrator of the workmen's compensation fund, to be impleaded . . . by giving written notice of the employee's claim to the commissioner of insurance prior to the first full hearing where any evidence is presented on the claim."

By the clear wording of the statute, an employer cannot seek to shift all or any part of the cost of an award to the Fund unless the Fund is impleaded "prior to the first full hearing." It is undisputed in this case that the first—and only—full hearing occurred December 9, 1976, and that the Fund was not impleaded until December 10, 1976. Respondent suggests that the statute "should be interpreted to allow the impleading of the Fund after a respondent first receives *actual notice* that a claim is, in fact, based on mental conditions or complications of a claimant rather than physical injuries, which are the only injuries alleged by claimant prior to such actual notice."

The fallacy in respondent's argument is that this court is not authorized to amend K.S.A. 1978 Supp. 44-567(*c*). The language of the statute is clear and it provides for no exceptions: If the Fund is not impleaded *prior to* the first full hearing, then the Fund is not a proper party to the proceedings. See *Safeway Stores, Inc. v. Workers' Compensation Fund,* 3 Kan. App. 2d 283, 593 P.2d 1009 (1979). When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be. *Thomas County Taxpayers Ass'n v. Finney,* 223 Kan. 434, 573 P.2d 1073 (1978); *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, 557 P.2d 1286 (1976).

Affirmed.