234 Kan. 953 (1984)
676 P.2d 753
ALICE M. PLOUTZ, Claimant-Appellant,
v.
ELL-KAN COMPANY and/or ELL-KAN COMPANY, INC., and LIBERTY MUTUAL INSURANCE COMPANY, and WORKERS' COMPENSATION FUND, Respondents-Appellees.
No. 55,527
Supreme Court of Kansas.
Opinion filed February 18, 1984.
*954 George E. McCullough, of McCullough, Wareheim & LaBunker, of Topeka, argued the cause and was on the brief for the appellant.
Brock R. McPherson, of McPherson, Bauer & Pike, Chtd., of Great Bend, argued the cause and was on the briefs for the appellee, Workers' Compensation Fund.
Fred Spigarelli & Timothy A. Short, of Spigarelli, McLane & Short, of Pittsburg, were on the brief amicus curiae for the Kansas Trial Lawyers Association.
The opinion of the court was delivered by
PRAGER, J.:
This is a workers' compensation appeal. The facts in the case are undisputed and are as follows: The claimant, Alice M. Ploutz, was employed as a wire cutter by respondent, Ell-Kan Company, Inc. She claimed a 100 percent permanent partial general disability based on a back injury arising from and aggravated by three separate accidents occurring March 29, 1977, September 12, 1977, and March 19, 1979. Claimant sought medical treatment after each injury and was hospitalized each time. Claimant returned to work after recuperating from the first two accidents. Likewise, she returned to work after the third accident in March 1979, but continued to miss work frequently because of back pains, until she finally quit her job in November 1979. Claimant is now working in a liquor store owned by her son. Her duties include some light lifting, but do not involve lifting anything heavier than a single case of beer.
After a hearing, the administrative law judge found claimant's injuries were caused by the three accidents, with all three arising out of and in the course of her employment. The administrative law judge determined that claimant suffered a 40 percent permanent partial general disability to the body as a result of the injuries and also concluded that, under the circumstances, the claimant would not be able to return to the same position of employment with Ell-Kan. Both claimant and the Workers' Compensation Fund appealed to the workers' compensation director. The director modified the award, finding that claimant suffered a 20 percent permanent partial general disability as a result of the 1977 accidents, and a 50 percent permanent partial general disability following the more recent surgery and doctors' limitations. The director did not make a specific finding that she could not return to the same job that she previously held. All parties then took an appeal to the district court from the director's *955 award. That court accepted as accurate all findings of the administrative law judge, and adopted them as its own, thus reversing the director's order and reinstating the administrative law judge's order. The claimant perfected an appeal to the Court of Appeals which affirmed the district court in a published opinion, Ploutz v. Ell-Kan Co., 9 Kan. App.2d 9, 668 P.2d 196 (1983).
The sole issue before the Court of Appeals was this: Did the district court err in finding claimant had suffered a 40 percent permanent partial general disability to the body as a whole, when that court also concluded that such disability prevented the claimant from resuming her previous work with Ell-Kan Company? The Court of Appeals answered the question in the negative and affirmed the trial court. The Court of Appeals in a well-reasoned opinion by Judge Meyer stated the following general principles of law in the first six paragraphs of the syllabus:
"Work disability is that portion of the job requirements that a worker is unable to perform by reason of an injury." Syl. ¶ 1.
"Whether a permanent injury is total or partial, is determinative of which section of Article 5 of Chapter 44, Kansas Statutes Annotated, applies. K.S.A. 44-510c covers both permanent or temporary total disability, while K.S.A. 44-510e applies to permanent or temporary partial disability. The test of being completely and permanently unable to engage in any type of substantial and gainful employment determines when disability is total, and the test of being unable to engage in work of the same type and character that was performed at the time the injury was incurred determines when a disability is partial." Syl. ¶ 2.
"The test for determining permanent partial general disability is the extent to which the injured worker's ability has been impaired to engage in work of the same type and character he or she was performing at the time of the injury." Syl. ¶ 3.
"In considering a permanent partial general disability under K.S.A. 44-510e, the work disability would be measured by the reduction, expressed as a percentage, in the worker's ability to engage in work of the same type and character that he or she was performing at the time of the injury." Syl. ¶ 4.
"Where a claimant in a workers' compensation case is found to suffer a permanent partial general disability, the pivotal question is, what portion of claimant's job requirements is he or she unable to perform because of the injury?" Syl. ¶ 5.
"In the process of determining the percentage of permanent partial general disability suffered by a claimant, the fact that such claimant is or is not retained in the specific job he or she occupied at the time of the injury is not determinative. Thus, a finding by the trial court that a claimant suffers a permanent partial general disability or some stated percentage is not necessarily inconsistent with a *956 finding that the claimant cannot return to the job he or she had when injured." Syl. ¶ 6.
In the opinion, Judge Meyer sets forth the rationale followed by the court in arriving at its decision. Essentially, the court found that the result in the case was controlled by the statutory provisions of the Workers' Compensation Act enacted by the 1974 Kansas legislature. In our judgment, the Court of Appeals correctly interpreted the 1974 statutory provisions and we adopt the rationale of the Court of Appeals as the decision of this court. We, of course, recognize that a different rule has been applied at times in cases involving accidents occurring prior to the statutory changes of 1974. We specifically refer to Puckett v. Minter Drilling Co., 196 Kan. 196, 410 P.2d 414 (1966), and the more recent case of Reichuber v. Cook Well Servicing, 220 Kan. 93, 96, 551 P.2d 810 (1976), and other cases cited in those opinions. We simply hold that in cases involving accidents occurring after July 1, 1974, the effective date of the 1974 amendments to the Workers' Compensation Act, the amount of permanent partial general disability is to be measured by the test set forth in K.S.A. 44-510e.
The judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.