(715 P.2d 1038)

No. 58,014

BETTY L. BIGGER, *Appellee*, v. KANSAS DEPARTMENT OF REVENUE, *Appellant*, and STATE SELF-INSURANCE FUND, *Appellant*.

Opinion filed December 31, 1985.

*Gary M. Howland*, of Green and Howland, of Topeka, for the appellants.

*Jan L. Fisher*, of McCullough, Wareheim & LaBunker, of Topeka, for the appellee.

Before BRISCOE, P.J., CORWIN C. SPENCER, J. Retired, assigned, and RICHARD W. WAHL, District Judge, assigned.

BRISCOE, J.: The Kansas Department of Revenue and the State Self-Insurance Fund appeal the district court's determination in a workers' compensation proceeding that Betty Bigger, claimant, sustained a 100 percent permanent partial disability to the body as a whole.

Approximately three weeks after claimant began her employment with the Department of Revenue, she slipped and fell and broke her ankle. Claimant was employed by the Department as a Clerk I. Her job duties consisted of pulling and

filing tax returns for a week, and then on alternating weeks, sorting or merging tax returns into numerical order. According to the job description, a Clerk I would spend 50 percent of her time filing and 50 percent of her time merging. Filing required an employee to stand all day, to climb ladders and stools to reach the upper shelves, and to bend over to work with the bottom shelves. During the week of merging, an employee would sit at a table and arrange the tax returns in numerical order.

During her three weeks with the Department, the claimant only did filing and did not perform the task of merging. Claimant's supervisor testified that she did not spend a week merging because at that time two employees were in their final months of pregnancy and were assigned the sitting duty.

The test to determine whether claimant suffered permanent partial disability as a result of her accident is set forth in K.S.A. 44-510e, which provides in relevant part:

"The extent of permanent partial general disability shall be the extent, expressed as a percentage, to which the ability of the workman to engage in work of the same type and character that he was performing at the time of his injury, has been reduced."

See *Grounds v. Triple J Constr. Co.*, 4 Kan. App. 2d 325, 330, 606 P.2d 484, *rev. denied* 227 Kan. 927 (1980). The pivotal question is, what portion of claimant's job requirements is he or she unable to perform because of the injury? *Ploutz v. Ell-Kan Co.*, 234 Kan. 953, 955, 676 P.2d 753 (1984); *Ploutz v. Ell-Kan Co.*, 9 Kan. App. 2d 9, 668 P.2d 196 (1983). See *Maxwell v. City of Topeka*, 5 Kan. App. 2d 5, 611 P.2d 161, *rev. denied* 228 Kan. 807 (1980).

Appellants contend the district court did not properly apply the test for permanent partial disability. They argue that the terms "total" and "partial" are mutually exclusive; therefore, a claimant cannot be 100 percent, or totally, partially disabled.

We cannot agree with appellants' analysis. Under the statutory definition of permanent partial disability, a claimant could be found to be totally unable to perform any portion of work of the same type and character he was performing at the time of the injury, yet still be able to engage in gainful employment. The propriety of a 100 percent permanent partial disability finding was recognized in *Grounds v. Triple J Constr. Co.*, 4 Kan. App. 2d at 330:

"Conceivably, a worker could be employed full time at a higher paying job and still be considered 100 percent less able to find and retain work of the same type and character as he was performing at the time of his injury. In such case a 100 percent permanent partial disability rating might be appropriate."

Appellants also argue that claimant is not entitled to compensation because she has not suffered a loss of earning capacity. They maintain that the claimant could continue to work in a job of the same type and character because (1) she could be placed in another Clerk I position, or (2) her specific job duties could be modified to accommodate her physical restrictions. This argument misconstrues the statutory test. K.S.A. 44-510e makes it clear that "work of the same type and character" refers to the job the claimant was performing at the time of the injury, not to any job for which the claimant might be qualified. The percentage of claimant's disability must be calculated on the basis of her impaired ability to perform the job she held, and not on the basis of her ability to perform the duties required of other Clerk I positions.

Appellants also allege the trial court's finding is not supported by the evidence. They argue the claimant can still perform a significant portion of her job—the sitting portion.

The standard of review in a workers' compensation case was stated in *Maxwell v. City of Topeka*, 5 Kan. App. 2d at 6:

"When reviewing a trial court's findings, it is not the function of an appellate court to judge the credibility of witnesses in workmen's compensation cases or to determine what weight should be given their testimony. The test on appeal is whether the record contains any substantial competent evidence which on any theory of credence justifies the trial court's findings. [Citation omitted.] In reviewing the record to determine if it contains substantial evidence to support the district court's factual findings, this Court is required to review all evidence in the light most favorable to the prevailing party below; when the findings of fact made by the district court are based on substantial evidence, they are conclusive. [Citation omitted.]"

See *Carr v. Unit No. 8169*, 237 Kan. 660, Syl. ¶ 2, 703 P.2d 751 (1985); *Dieter v. Lawrence Paper Co.*, 237 Kan. 139, 144-45, 697 P.2d 1300 (1985); *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 442-43, 625 P.2d 453 (1981).

In this case, Dr. Kroll stated that the claimant should avoid bending, lifting, stair climbing, and prolonged standing or walking. He said the most claimant could be on her feet is an hour a day. It is clear that the claimant is totally unable to perform the

task of filing, which involved standing, climbing and bending. The trial court did not err in finding the claimant was 100 percent unable to perform the work she was doing at the time she was injured.

According to her job description, claimant was required to spend alternating weeks filing and merging. Even if the sitting portion is considered as part of claimant's job in determining the percentage of disability, the evidence supports a finding that claimant was totally unable to perform her job. On two occasions the claimant returned to work and performed a task that allowed her to sit. Both times, Dr. Kroll ordered her to quit because even the small amount of walking and standing involved caused problems with her ankle. Although these attempts to return to work involved a different job entirely, and not just the sitting portion of her original job, claimant's inability to perform a "sitting" job provided the court with substantial evidence to conclude that claimant could not have performed just the sitting portion of her original job.

A trial court's finding that a claimant sustained a particular percentage of disability is a factual finding. *Brozek v. Lincoln County Highway Dept.*, 10 Kan. App. 2d 319, 322, 698 P.2d 392 (1985); *Harris v. Cessna Aircraft Co.*, 9 Kan. App. 2d 334, 678 P.2d 178 (1984). The evidence in this case supports the finding that the claimant is 100 percent permanently partially disabled.

Affirmed.