No. 60,416

RICHARD PYEATT, *Appellee*, v. ROADWAY EXPRESS, INC., *Appellant*.

(756 P.2d 438)

Opinion filed June 3, 1988.

*J. Donald Lysaught, Jr.*, of Mustain & Newman, Chartered, of Kansas City, argued the cause and was on the brief for appellant.

*Davy C. Walker*, of Kansas City, argued the cause, and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: After claimant injured his back on the job, he gave his employer notice of the injury and filed a claim for workers' compensation. Claimant returned to work and injured his back a second time. Claimant gave notice of the second injury, but failed to file a claim for that injury. Three preliminary hearings

were held. At each of the preliminary hearings, evidence of both injuries was introduced, and at the conclusion of each of the preliminary hearings, the judge ordered the employer to pay compensation for temporary total disability and to provide medical treatment for both accidents. At the hearing to determine the claimant's disability compensation, the employer alleged that, because the claimant had failed to file a claim for the second injury, the statute of limitations barred recovery for the second injury. The employer also contended that, because the claimant had failed to prove what percentage of his disability resulted from the first accident, he was barred from all recovery. The administrative law judge agreed. Because the technical rules of procedure did not apply, the Director of Workers' Compensation reversed the administrative law judge, finding that the respondent had sufficient notice of the claim for the second accident, and awarded compensation for both injuries. On appeal, the district court affirmed the Director. The employer appealed. The Court of Appeals, in an unpublished opinion, held that claimant's failure to file a claim for the second injury, pursuant to K.S.A. 44-520a(a), precluded him from receiving benefits for the second injury, even though extensive proof of the second accident was offered at the administrative hearing. We granted review and reverse the Court of Appeals and affirm the district court.

On January 6, 1983, claimant, Richard Pyeatt, employed by respondent, Roadway Express, Inc., sustained an on-the-job injury to his lower back when a piece of heavy freight fell and knocked him to the floor. Claimant notified his supervisor of the accident and was referred for medical treatment. Pyeatt returned to work without any restrictions. On February 3, 1983, he filed a claim for compensation and an application for hearing.

Needing less strenuous work because of continuing back problems, Pyeatt successfully bid for a job as a forklift operator. On March 8, 1983, Pyeatt sustained a second injury to the same portion of his lower back when a forklift malfunctioned and threw him backwards against and over the seat. After the second accident, Pyeatt filed an accident report stating that the second accident had aggravated the prior back injury. Pyeatt did not file a second claim or amend his original claim for compensation to

include the additional disability to his back caused by the second injury.

Prior to the hearing to determine temporary total disability compensation and medical benefits, three preliminary hearings were held on December 8, 1983, July 20, 1984, and October 12, 1984. Evidence of both the January and March accidents was admitted at all three preliminary hearings. Claimant testified about the March forklift accident and stated that the March accident aggravated the January injury. Attorney for respondent questioned claimant about the January accident and at length regarding the subsequent March accident. Claimant stated that the pain in his lower back and the numbness in his leg markedly increased as a result of the March 8 aggravation of his injury.

Claimant's first full hearing was held on November 8, 1985. Claimant introduced depositions of Dr. James Bolin, who had examined him after the March accident, and Dr. Dale Darnell, who had been selected by the employer and had performed claimant's back surgery. Dr. Darnell testified that he had not examined claimant prior to the second accident. He described claimant's symptoms and surgery. He stated that after surgery Pyeatt was permanently restricted in the amount of weight he could lift and was further restricted from repetitive stooping, bending, or squatting. Darnell's opinion was that claimant suffered from permanent partial disability to the body as a whole of 20 percent.

Dr. Bolin confirmed this opinion and agreed that claimant should be restricted from lifting items exceeding 30 pounds, as well as from doing over-the-road driving. Bolin testified that claimant could not return to work on the loading dock. Dr. Bolin also noted that he had reviewed claimant's medical records, which indicated that the first injury occurred on January 6, 1983.

At the hearing for compensation, the parties stipulated that the date of the accident alleged was January 6, 1983. Following the hearing, in a letter brief written to the administrative law judge, respondent's attorney defended arguing that Pyeatt's claim for compensation should be denied because the evidence at the hearing showed that "whatever disability claimant may have sustained resulted from the March 8, 1983 accident," not the January 6 accident for which the claim was filed. The adminis-

trative law judge agreed and denied disability, finding claimant had failed to establish that his disability was caused by the January 6 accident and had not amended his complaint to include the March 8 accident.

On application for review, the Director reversed the administrative law judge, stating that the crux of the administrative law judge's decision was that claimant had not properly pled the March 8 date of the accident. The Director noted that it would have been better form if Pyeatt had amended the pleadings to conform with the proof, but found that denial of Pyeatt's claim for compensation for this reason was "too high a standard to set as a general rule for workers' compensation proceedings." The Director found claimant's proofs to be in order regarding injuries, loss of time, medical expenses, and permanent disability, "with the only failing being that the Application for Hearing stated one date of accident while the proofs showed multiple dates of accident." The Director awarded claimant 106.14 weeks of temporary total disability and 261.51 weeks of compensation for 60 percent permanent partial general bodily disability. The district court affirmed the Director and adopted the findings of fact and conclusions of law. Respondent appealed.

The Court of Appeals accepted respondent's contention that compensation may not be awarded for disability which was caused in whole or in part by an accident for which no claim was filed. The court found that, although Roadway was aware of both accidents, this did not negate the claimant's statutory requirement to file a claim for the second accident. K.S.A. 44-520a(a). The Court of Appeals concluded that no compensation could be awarded for the March 8 accident, and remanded to the district court to determine the portion of claimant's disability attributable to the first accident. Chief Judge Abbott dissented, noting that it was impossible to separate the two accidents and, further, that the respondent had actual knowledge of both accidents and was not prejudiced. We granted review to determine whether, where two successive accidents contribute to a claimant's disability and the employer is aware of both accidents, there can be an award of compensation for the disability caused by both accidents where the employee failed to file a claim for the second accident.

This case involves the construction of K.S.A. 44-520a(a). Our scope of review on questions of law in workers' compensation cases is unlimited.

K.S.A. 44-520a(a) upon which respondent relies provides in part:

"No proceedings for compensation shall be maintainable under the workmen's compensation act unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or his duly authorized agent, or by delivering such written claim to him by registered or certified mail within two hundred (200) days after the date of the accident . . . ."

The purpose of the requirement for a written claim is to enable the employer to know about the injury in time to investigate it. *Craig v. Electrolux Corporation,* 212 Kan. 75, 82, 510 P.2d 138 (1973). Here, Pyeatt filed a claim for the January accident. The Court of Appeals recognized and the record clearly demonstrates that the employer was aware of both the January and March accidents, since Pyeatt filed a separate report for each accident and the employer was required to pay temporary total disability and provide medical treatment for the resulting disabilities. However, the Court of Appeals found:

"[T]he fact that an employer is aware of a second accident does not negate the employee's statutory requirement to file a claim for the second accident if he is in fact seeking compensation for it."

The Court of Appeals, strictly construing K.S.A. 44-520a(a), disregarded the fact that as early as December 8, 1983, nearly two years before the hearing on the claim, the employer had been notified of the March accident and was aware that Pyeatt's claim for compensation included the *aggravation* of the initial injury attributable to the March accident. At the first preliminary hearing on December 8, 1983, claimant testified and was cross-examined about the March accident. At the conclusion of the hearing, the administrative law judge ordered the employer to provide Pyeatt with medical treatment by Dr. Darnell and pay temporary total disability compensation.

On July 20, 1984, at the second preliminary hearing approximately sixteen months prior to the full hearing, Pyeatt again requested that the employer provide medical treatment required by the January accident and the aggravation caused by the March accident. The employer was ordered to pay for the application of

a body cast recommended by Dr. Darnell and extended compensation for Pyeatt's temporary total disability.

A third preliminary hearing was held thirteen months prior to the full hearing. Again the administrative law judge ordered the employer to provide additional medical treatment, including surgical lumbar fusion by Dr. Darnell, and extended temporary total disability.

Here, the crux of the appeal is (1) whether the administrative law judge lacked jurisdiction to hear Pyeatt's claim for compensation for the March accident, since Pyeatt had failed to amend his first claim or file a second claim for compensation, or (2) whether Pyeatt's failure to amend the first claim or file the second claim was a technical noncompliance with procedural requirements of the Workers' Compensation Act which should not be allowed to defeat an otherwise meritorious claim. See *Craig v. Electrolux*, 212 Kan. at 81 (citing 3 Larson's Workmen's Compensation Law § 78.10, § 78.11 [1973]).

Clearly, the procedural requirements of the Act cannot be ignored to the disadvantage of the employer. However, it is equally well established that in interpreting the Workers' Compensation Act, a liberal construction must be applied in order to award compensation to a worker when it is reasonably possible to do so. *Nordstrom v. City of Topeka*, 228 Kan. 336, Syl. ¶ 2, 613 P.2d 1371 (1980). Neither the director, the administrative law judge, nor the court is bound by the technical rules of procedure, but each is required to give the parties a reasonable opportunity to be heard and to present evidence, to insure the employee an expeditious hearing, and to act reasonably without partiality. K.S.A. 44-523(a). An important objective of workers' compensation law is the avoidance of cumbersome procedures and technicalities of pleading, so that a correct decision may be reached by the shortest and quickest possible route.

This is not a case where the employer had no notice of Pyeatt's accidents or lacked knowledge that Pyeatt's claim for compensation was for the January accident and the March aggravation of the injury. Pyeatt did file reports of both accidents and a written claim for compensation for the first accident. He later filed three written applications for preliminary hearings and at each of the preliminary hearings evidence of both accidents was introduced.

As a result of that evidence, the employer was ordered to provide additional medical benefits and pay additional temporary total disability compensation for the extended periods. Respondent had sufficient notice that Pyeatt claimed the subsequent March 8 injury *aggravated the prior injury* and sought compensation for the injury and disability resulting from the cumulative effect of two work-related accidents. Aware of both accidents, the respondent chose to defend against the claim by arguing that claimant's permanent disability resulted only from the March accident and that his failure to amend the claim to include the March 8 accident allowed the statute of limitations to run. In respondent's brief filed in the district court the following statement appears: "In all candor, it would appear that claimant's disability results from the March 8, 1983 accident."

The claim Pyeatt initially filed did vary from his subsequent claim and the proof offered at the disability hearing. Such variance is fatal if the employer is required to defend against an award of compensation for an unknown injury. Under such circumstances, an employer would be prejudiced by the inability to have previously investigated the facts prior to the hearing to determine whether the injury was work-related.

Here, the employer was not prejudiced. Pyeatt did file reports of both accidents and a written claim for compensation for the first accident. Though the claimant failed to amend his original claim, the respondent had sufficient notice of the accidents and sufficient knowledge that Pyeatt's claim for compensation was based on both accidents. The decisions of the administrative law judge and the Court of Appeals must be reversed.

## ADDITIONAL ISSUES

Respondent raised additional issues which the Court of Appeals did not reach. Respondent contends that claimant's failure to file an application for a hearing for the March accident so prejudiced respondent's right to claim reimbursement from the Workers' Compensation Fund, K.S.A. 44-567(d), that the claim should be denied. This contention is without merit.

The Workers' Compensation Act provides that when a claim arises from injury or disability resulting from a preexisting physical impairment, in an appropriate case, the employer has

the right to implead the Workers' Compensation Fund and obtain reimbursement.

K.S.A. 44-567(d) provides:

"(d) An employer shall not be relieved of liability for compensation awarded nor shall an employer be entitled to an apportionment of the costs thereof as provided in this section, unless the employer shall cause the commissioner of insurance, in the capacity of administrator of the workers' compensation fund, to be impleaded, as provided in K.S.A. 44-566a and amendments thereto, in any proceedings to determine the compensation to be awarded a handicapped employee who is injured or disabled or has died, by giving written notice of the employee's claim to the commissioner of insurance prior to the first full hearing where any evidence is presented on the claim."

The statute requires that the Fund be impled prior to the first full hearing on the claim. A decision of the Court of Appeals has construed this to be true even when the employer has no knowledge of a preexisting condition prior to the first full hearing. *Griggs v. Sears, Roebuck & Co.*, 4 Kan. App. 2d 22, 601 P.2d 695 (1979). Here, the record shows that the respondent had knowledge of both accidents. In fact, the employer used evidence of the second accident as a defense at the first full hearing to argue that compensation should be denied because all of Pyeatt's disability resulted from the second accident. This knowledge is equally sufficient to have impled the Fund. In addition, impleading the Fund is inconsistent with the respondent's admission to the district court that all of claimant's disability stemmed from the March accident. If only one of the two accidents caused the worker's disability, then the Fund would not be responsible because there was no preexisting disability.

Next, respondent argues that there is no evidence that the disability was caused by claimant's employment. On reviewing questions of fact on appeal, we must decide whether the judgment of the district court is supported by substantial competent evidence. The term "substantial evidence" when applied to workers' compensation cases means evidence which possesses something of substance and relevant consequence or evidence that furnishes a substantial basis of fact from which the issues presented can be reasonably resolved. *Crabtree v. Beech Aircraft Corp.*, 229 Kan. 440, 442, 625 P.2d 453 (1981). The testimony of claimant and the two treating physicians is sufficient to satisfy the requirement of substantial evidence.

The final question is whether the court erred by awarding Pyeatt 60 percent permanent partial disability. The test for determining permanent partial general disability is the extent to which the injured worker's ability has been impaired to engage in work of the same type and character he or she was performing at the time of the injury. In considering a permanent partial general disability under K.S.A. 44-510e, the work disability is measured by the reduction, expressed as a percentage, in the worker's ability to engage in work of the same type and character that he or she was performing at the time of the injury. Where a claimant in a workers' compensation case is found to suffer a permanent partial general disability, the pivotal question is, what portion of claimant's job requirements is he or she unable to perform because of the injury? *Ploutz v. Ell-Kan Co.*, 234 Kan. 953, Syl. ¶¶ 3, 4, 5, 676 P.2d 753 (1984).

The Director awarded claimant 60 percent permanent partial disability stating:

"Both Dr. Darnell and Dr. Bolin felt the claimant had a 20% functional impairment. Dr. Darnell would limit the claimant's lifting to 15 to 30 pounds on a repetitive basis, but allow him an occasional lift of up to 50 pounds. Dr. Bolin would limit claimant's overall lifting to 30 pounds. Dr. Bolin also felt the claimant should not do over-the-road driving, but could drive a forklift on a smooth surface. The claimant's testimony is the only testimony in the record which directly relates to the work the claimant was doing at the time of his injury. The claimant was of the opinion that 60% of his work involved lifting of over 50 pounds, 80% over 40 pounds, 90% over 30 pounds. He testified that 90% of his work involved lifting. When reviewing the type of lifting the claimant was required to do and the description of how that work was accomplished by moving objects from a truck to a cart or two-wheeled dolly and movement by means of a dragline, the Director finds the claimant is unable to perform 60% of the job duties of the type and character that he was performing at the time of the injury."

The district court agreed with the findings of the Director. Under the evidence, the district court's award of 60 percent permanent partial disability was correct.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court is affirmed.